No. 104,899

STATE OF KANSAS, *Appellee*, v. FREDERICK MARTIN, *Appellant*.

(279 P.3d 704)

Opinion filed June 29, 2012.

*Debera A. Erickson*, of Kansas City, and *Frederick Martin*, pro se, were on the briefs for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Frederick Martin directly appeals from the district court's summary denial of his pro se motion to correct an illegal sentence. He was convicted in 1986 of felony murder, aggravated kidnapping, and an unlawful weapons violation, and sentenced to two consecutive life sentences and a concurrent 3- to 10-year sentence on the weapons conviction. His motion alleges the district court imposed cumulative punishments for the felony murder and aggravated kidnapping convictions because both arose from the same act of violence. We affirm the district court's summary denial of his motion because Martin has unsuccessfully argued the identical issue previously.

### FACTUAL AND PROCEDURAL BACKGROUND

Martin's convictions were affirmed on direct appeal in *State v. Martin*, 241 Kan. 732, 740 P.2d 577 (1987). One of the issues Martin raised was whether he was subjected to double jeopardy when he was prosecuted for both felony murder and the underlying

felony of aggravated kidnapping. Martin claimed he could not be prosecuted for both. This court rejected that claim, citing its earlier decision in *State v. Crump*, 232 Kan. 265, Syl. ¶ 4, 654 P.2d 922 (1982), in which a similar argument was addressed and denied. *Martin*, 241 Kan. at 741.

Martin filed numerous subsequent appeals and motions. Notably, Martin raised the exact issue he raises in his current motion before the United States Court of Appeals for the Tenth Circuit in *Martin v. Roberts*, No. 91-3028, 1992 WL 120195 (10th Cir. 1992) (unpublished opinion) (affirming *Martin v. Roberts*, No. 87-3273, 1991 WL 3134 [D. Kan. 1991] [unpublished opinion]). The Tenth Circuit treated Martin's attack on his sentence the same as his earlier attack on his convictions in his direct appeal. It noted the Kansas statute providing for multiple prosecutions carries with it multiple sentences, which in the court's view meant consecutive sentences. *Martin*, 1992 WL 120195, at *5 (citing K.S.A. 21-3107).

In 1994, Martin filed a motion in Wyandotte County District Court claiming his sentence was illegal because the convictions were multiplicitous. The district court summarily denied that motion because it was a challenge Martin had raised previously in both state and federal court. In 1995, the district court denied another of Martin's motions to correct an illegal sentence, holding that the issue was previously determined against him in prior proceedings.

In 2001, Martin filed a K.S.A. 60-1507 motion, again raising this exact issue. *Martin v. State*, No. 91,503, 2004 WL 2848881 (Kan. App. 2004) (unpublished opinion), *rev. denied* 279 Kan. 1007 (2005). The Kansas Court of Appeals denied his argument based on its finding the issue had been raised and rejected in his 1987 direct appeal. The court also referenced a 2001 motion to correct illegal sentence Martin filed alleging the same errors, which the district court also denied. 2004 WL 2848881, at *1. The court further said that even if Martin had not been precluded from raising the issue, his claim was meritless. 2004 WL 2848881, at *1 (citing *State v. Ramos*, 271 Kan. 520, 24 P.3d 95 [2001]) (consecutive sentences proper because felony murder did not merge with underlying felony of criminal discharge of a firearm).

In 2005, Martin filed yet another motion to correct an illegal sentence raising the same issue. The district court summarily denied that motion because the identical issue was raised and rejected on direct review as well as in K.S.A. 60-1507 motions. Later in 2005 and again in 2007, Martin filed two more motions to correct an illegal sentence raising the exact issue, but the record does not contain a ruling from the district court on either motion.

Martin filed the current motion to correct an illegal sentence under K.S.A. 22-3504, claiming the district court imposed "cumulative punishments" for felony murder and aggravated kidnapping based on the same act of violence. He contends this was contrary to the statute in effect at the time the offense was committed. The State responds by noting that Martin had previously raised the issue. The district court summarily denied Martin's motion as having been previously determined. Martin filed a timely notice of appeal. This court has jurisdiction under K.S.A. 22-3601(b)(1) (appeal from life sentence).

## ANALYSIS

This court reviews de novo the district court's summary denial of a motion to correct an illegal sentence because it has before it the same motion, record, and files as the district court. *State v. Jones*, 292 Kan. 910, 913, 257 P.3d 268 (2011).

Martin claims the district court erred in denying his motion to correct an illegal sentence because it did not hold a hearing in which Martin had the benefit of counsel. He is mistaken. After preliminary review, a district court may dismiss a motion to correct illegal sentence without a hearing or appointment of counsel—if the district court determines the motion, files, and records conclusively show the defendant is not entitled to relief. *Jones*, 292 Kan. at 913.

We hold that no new issues of law or fact were raised in Martin's motion. See *State v. England*, 45 Kan. App. 2d 33, Syl. ¶ 2, 245 P.3d 1076 (2010) (if motion to correct illegal sentence raises no substantial issues of law or fact, it may be summarily denied). Martin's underlying argument is barred by res judicata, which applies when issues were previously raised and decided on the merits, or

could have been presented but were not. See *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008) (citing *State v. Neer*, 247 Kan. 137, Syl. ¶ 2, 795 P.2d 362 [1990]). Res judicata consists of four elements: "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 413, 49 P.3d 1274, *cert. denied* 537 U.S. 1088 (2002). A motion to correct an illegal sentence cannot be used as a vehicle to "breathe new life" into an appellate issue previously determined against the defendant. *Conley*, 287 Kan. at 698 (finding res judicata applies to K.S.A. 21-3504 motion to correct illegal sentence).

The identical issue in the present appeal was raised previously at least six times—once in a K.S.A. 60-1507 motion and in five motions to correct an illegal sentence, two of which were categorically denied by the district court as having been resolved by Martin's 1987 direct appeal. Martin's current claim is barred by the doctrine of res judicata.

Affirmed.