NOT DESIGNATED FOR PUBLICATION

No. 113,170

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

MAURICE C. WILLIAMS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed October 23, 2015. Affirmed.

*Rand Simmons*, of Simmons Law Office, of Emporia, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and POWELL, JJ.

*Per Curiam*:  Maurice C. Williams appeals the district court's summary denial of his post-sentence motion to withdraw plea. Williams previously had filed a presentence motion to withdraw plea which had been denied by the district court after a full evidentiary hearing. Williams claims that the district court erred by finding that his arguments in his post-sentence motion to withdraw plea were barred by res judicata. Finding no error, we affirm.

1

On July 16, 2010, the State charged Williams with one count each of aggravated burglary, criminal damage to property, attempted rape, aggravated sexual battery, criminal restraint, criminal threat, battery, obstructing legal process, aggravated assault with a deadly weapon, and aggravated kidnapping. The district court appointed attorney Don Lill to represent Williams. On September 30, 2010, pursuant to a plea agreement, Williams pled no contest to one count of aggravated burglary and one count of attempted rape and the State dismissed the other charges. The presentence investigation (PSI) report calculated Williams' criminal history score as B. Williams filed an objection to the PSI report, claiming that certain prior convictions had not occurred.

At the sentencing hearing on November 12, 2010, Lill informed the district court that Williams wanted a new attorney. The district court continued the sentencing and scheduled a hearing to consider the objection to criminal history, advising Williams to carefully consider whether he wanted different counsel and informing him that at the next hearing he could tell the court if he still wanted a new attorney.

On December 9, 2010, at the hearing on the objection to the criminal history score, Williams reiterated that he wanted a new attorney because he had not understood his plea agreement and had believed his criminal history score would be lower than category B. Based on Williams' request, the district court allowed Lill to withdraw and granted Williams 10 days to retain new counsel.

Williams failed to retain new counsel, and the district court ultimately appointed Frederick L. Meier, II, to represent Williams. On January 27, 2011, Meier filed a motion to withdraw plea on Williams' behalf. The motion primarily asserted that Lill had provided ineffective counsel to Williams and had pressured Williams to plead no contest. The motion also alleged that the facts were insufficient for a jury to find Williams guilty of the crimes to which he pled no contest. In addition to filing the motion, Williams withdrew his objections to his criminal history.

On February 17, 2011, the district court held a hearing on Williams' motion to withdraw plea. Williams and Lill testified at the hearing. Although Williams had not challenged his mental capacity to understand the plea in his written motion, the issue came up repeatedly at the hearing. On direct examination, Williams testified that he had "a mental problem, a learning disability." Williams testified that he had told Lill that he had a mental problem, that he did not understand much of the plea agreement, and that the judge who took his plea did not ask questions slowly enough for Williams to understand what was going on. Also, when the prosecutor asked Lill about Williams' comprehension or understanding, Lill replied that "I thought he was a little slow."

After hearing the testimony and arguments of counsel, the district court denied Williams' motion to withdraw plea. In denying the motion, the judge expressly noted that he was considering "Mr. Williams' mental abilities, his abilities to comprehend and understand what was going on, and whether, in fact, efforts were made to make sure that he did comprehend and understand what was taking place." On the next day, February 18, 2011, the district court sentenced Williams to a controlling term of 216 months' imprisonment and lifetime postrelease supervision.

Williams filed a direct appeal and challenged the district court's denial of his motion to withdraw plea, arguing that the district court applied an incorrect legal standard in denying the motion. *State v. Williams*, No. 106,516, 2012 WL 6734512, *1 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1256 (2013). In December 2012, this court issued its opinion and held that the district court did not err in denying the motion to withdraw plea. 2012 WL 6734512, at *9. Williams filed a petition for review which our Supreme Court denied on August 23, 2013.

On July 25, 2014, Williams filed a motion to withdraw plea ("the 2014 motion"), which is the subject of this appeal. In the motion, Williams argued generally that he was diagnosed with mental retardation and his counsel was ineffective for failing to bring the

3

extent of his mental disability to the court's attention at the time of his plea. Williams attached to his motion a letter from the Social Security Administration, dated May 3, 2012, stating: "The benefits paid previously on this record were based on a diagnosis of: mental retardation." The State filed a response and argued that the motion was barred by res judicata because the issue of mental retardation could have been raised in the original motion to withdraw plea ("the 2011 motion"), which was resolved on its merits.

The district court appointed counsel to represent Williams and held a hearing on August 14, 2014. At the hearing, Williams' attorney argued that the difference between the 2014 motion and the 2011 motion was that previously Williams had alleged merely a learning disability whereas currently he was alleging mental retardation, which was a more severe impairment. The State reasserted its position that the motion was barred by res judicata. After hearing arguments of counsel, the district court found that the 2014 motion was "based upon, essentially, the same arguments that were made in the prior motion," including Williams' "inability to understand or comprehend what was taking place at the time his plea was considered." The district court also found that the information about Williams' diagnosis of mental retardation could have been presented as part of the 2011 motion, as Williams was the person best aware of his own mental status. Thus, the district court denied the 2014 motion. Williams timely appealed.

In his sole issue on appeal, Williams argues that the district court erred in denying the 2014 motion; the State asserts the opposite. As both parties acknowledge, the district court denied the motion under the doctrine of res judicata. "The applicability of res judicata is a question of law, subject to unlimited review. [Citation omitted.]" *State v. Kelly*, 291 Kan. 868, 874, 248 P.3d 1282 (2011).

Our Supreme Court has stated that res judicata

4

"applies when issues were previously raised and decided on the merits, or could have been presented but were not. [Citation omitted.] Res judicata consists of four elements: '(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.' [Citation omitted.]" *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012).

Williams does not dispute that the first two elements of res judicata are satisfied; he takes issue with the third. He argues that the district court erred in reasoning that he could have presented his diagnosis of mental retardation as part of the 2011 motion. He asserts that there was no evidence that he knew he was diagnosed as mentally retarded at the time of the first hearing. In response, the State contends that "Williams was aware at the time of the [2011 motion] that he had mental problems and received social security benefits due to the same."

Both parties' focus on the district court's finding that Williams "could have" presented his diagnosis of mental retardation as part of the 2011 motion. But the district court primarily found that Williams based his 2014 motion on "the same arguments that *were* made" in the 2011 motion. (Emphasis added.) Williams argued at the hearing on the 2011 motion that his mental disabilities prohibited him from understanding the nature of his plea. He made this same argument in the 2014 motion. In denying the 2011 motion, the district court expressly stated that it considered Williams' ability to comprehend and understand the nature of his plea. Thus, we have the same claim, same parties, a claim that was raised at the prior hearing, and a final judgment on the merits. Res judicata applies, and the district court correctly denied Williams' post-sentence motion to withdraw his plea. See *Martin*, 294 Kan. at 640-41 (listing elements of res judicata).

Williams correctly notes that the district court also found that his diagnosis of mental retardation "could have" been presented as part of the 2011 motion, as Williams was the person best aware of his own mental status. Williams argues that this finding is not supported by the record, and he offers his letter from the Social Security

5

Administration as evidence that he was unaware of his diagnosis of mental retardation until 2012. However, the letter from the Social Security Administration only stated: "The benefits paid previously on this record were based on a diagnosis of: mental retardation." The letter provided no direct evidence as to when or how Williams received a diagnosis of mental retardation. Thus, the letter does not support Williams' claim that he was unaware of his diagnosis of mental retardation until 2012.

Williams asserts that his situation does not satisfy the requirements of res judicata because he did not raise the issue of comprehension or mental disability at the hearing on the 2011 motion. However, the record clearly belies this assertion. At the hearing on the 2011 motion, Williams testified that he had "a mental problem, a learning disability." In addition, Williams testified that he had told Lill that he had a mental problem, that he did not understand much of the plea agreement, and that the judge who took his plea did not ask questions slowly enough for Williams to understand what was going on. Moreover, when the prosecutor asked Lill about Williams' comprehension or understanding, Lill replied that "I thought he was a little slow."

Williams also contends that the district court did not address his mental disabilities at the hearing on the 2011 motion. Again, the record belies this assertion. In denying the 2011 motion, the judge expressly noted that he was considering "Mr. Williams' mental abilities, his abilities to comprehend and understand what was going on, and whether, in fact, efforts were made to make sure that he did comprehend and understand what was taking place." Whether Williams' failure to understand the nature of the plea was caused by a learning disability or mental retardation, the fact remains that the district court addressed Williams' claimed inability to understand the plea at the 2011 hearing.

In summary, the issue of whether Williams' mental disabilities prevented him from understanding the consequences of entering the plea was presented to the district court in the 2011 motion. In denying the 2011 motion, the district court expressly stated that it

6

considered Williams' ability to comprehend and understand the nature of his plea. Williams essentially attempted to make the same claims in the 2014 motion that had been denied in the 2011 motion. The district court did not err in finding that the claims in the 2014 motion were raised or could have been raised in the 2011 motion. Thus, we conclude that the district court did not err by finding that Williams' arguments were barred by res judicata.

Affirmed.