NOT DESIGNATED FOR PUBLICATION

No. 114,579

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN D. LOGGINS, SR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 19, 2016. Affirmed.

*Kevin D. Loggins Sr.*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER and STANDRIDGE, JJ.

*Per Curiam*: Kevin D. Loggins has previously pursued multiple avenues of relief from multiple convictions. This appeal arises from an underlying K.S.A. 60-1507 motion. Finding Loggins cannot obtain relief from his underlying criminal conviction pursuant to K.S.A. 2015 Supp. 60-260(b), we affirm.

1

*Factual and Procedural Background*

In February 1996, a jury convicted Loggins of two counts each of aggravated kidnapping and aggravated robbery, and one count each of aggravated burglary, aggravated sexual battery, and criminal possession of a firearm in case No. 95CR1859. In April 1996, following a bench trial, Loggins was convicted of aggravated robbery and criminal possession of a firearm in case No. 95CR1616. The district court sentenced Loggins to 678 months' imprisonment.

Following his convictions, Loggins pursued a consolidated direct appeal. This court reversed one conviction of aggravated kidnapping but affirmed the remaining aggravated kidnapping conviction, along with his convictions of aggravated robbery, aggravated burglary, aggravated sexual battery, and criminal possession of a firearm. *State v. Loggins*, Nos. 77,106 and 77,107, unpublished opinion filed May 8, 1998 (Kan. App.), *rev. denied* 265 Kan. 888 (1998).

Loggins has repeatedly challenged his convictions and sentence. See *State v. Loggins*, No. 105,950, 2012 WL 2045362 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1252 (2013); *State v. Loggins*, No. 103,345, 2011 WL 3795236 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1111 (2012); *Loggins v. State*, No. 101,435, 2010 WL 2217105 (Kan. App. 2010) (unpublished opinion); *Loggins v. State*, No. 94,723, 2007 WL 2080359 (Kan. App. 2007) (unpublished opinion), *cert. denied* 555 U.S. 840 (2008); *State v. Loggins*, No. 90,171, 2004 WL 1086970 (Kan. App. 2004) (unpublished opinion), *cert. denied* 543 U.S. 1170 (2005).

*Jurisdiction*

In this appeal, because Loggins has not cited to the record, as required by Supreme Court Rule 6.02(a)(4) (2015 Kan. Ct. R. Annot. 41), it is difficult to determine which decision he seeks to appeal. We believe the relevant facts are as follows.

Loggins filed a K.S.A. 60-1507 petition in July 2004, which the district court denied in April 2005, after an evidentiary hearing. Loggins timely appealed that decision, and in July 2007, we affirmed the district court's denial of relief. In 2008, Loggins filed a motion to review these decisions of the district court and the Court of Appeals based on newly discovered evidence. The record does not reflect that any action was taken with regard to that motion. Then in October 2014, Loggins filed an "Affidavit of Truth in Pursuit of Right to Action," alleging the order denying him relief under K.S.A. 60-1507 was void pursuant to K.S.A. 2015 Supp. 60-260(b). The journal entry denying Loggins' "Affidavit" was filed on November 25, 2014. Loggins moved for reconsideration on December 3, and filed a related motion on December 18, 2014. The court denied the motion to reconsider on March 23, 2015, deeming all of Loggins' post-judgment motions (post-K.S.A. 60-1507) to be repetitious and without merit. Loggins timely filed his notice of appeal from that ruling on April 9, 2015. We thus have jurisdiction to review that ruling.

*Analysis*

The issues raised in this appeal are identical to those raised in *State v. Loggins*, No. 114,578, (Kan. App.) (filed August 12, 2016). Only the procedural posture of the two appeals is different—this appeal arises from an underlying K.S.A. 60-1507 motion, a civil proceeding, instead of from an underlying motion to vacate a criminal sentence. But neither party contends that this distinction makes any difference to our analysis, and we find it does not—the Kansas Supreme Court has held that K.S.A. 2015 Supp. 60-260

3

cannot be used to "collaterally attack[ ] a criminal conviction and sentence." *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1, 326 P.3d 1083 (2014); See *Dixon v. State*, No. 112,676, 2015 WL 5311295, at *2 (Kan. App. 2015) (unpublished opinion) (applying the rule to an underlying K.S.A. 60-1507 motion). Accordingly, we adopt the analysis and conclusion of *State v. Loggins*, No. 114,578, as restated below.

*60-260(b) Relief*

We first address Loggins' argument that relief under K.S.A. 2015 Supp. 60-260(b) provides a means for a defendant to challenge a criminal conviction or sentence. He argues this relief is available when the judgment of a conviction is void and that a judgment is void when it is imposed by a court lacking subject matter jurisdiction. Loggins claims the district court lacked subject matter jurisdiction in his case because he was never properly arraigned, therefore the judgment is void. Loggins seeks relief under K.S.A. 2015 Supp. 60-260(b), contending K.S.A. 60-1507 cannot cure a void judgment.

We have unlimited review over the determination of whether K.S.A. 2015 Supp. 60-260(b) can be used by a criminal defendant to raise a postconviction challenge to one's sentence, after the generally exclusive remedy under K.S.A. 60-1507 has been foreclosed. That determination involves questions of statutory and caselaw interpretation and is therefore a question of law subject to unlimited review. *State v. Mitchell*, 297 Kan. 118, 121, 298 P.3d 349 (2013).

This question is not one of first impression. The Kansas Supreme Court has squarely rejected the claim that K.S.A. 2015 Supp. 60-260(b) is available in this context, holding: "K.S.A. 60-1507 provides the exclusive statutory procedure for collaterally attacking a criminal conviction and sentence. Therefore, neither K.S.A. 2011 Supp. 60-260(b) nor K.S.A. 60-2606 can be used for that purpose." *Kingsley*, 299 Kan. 896, Syl. ¶ 1. Although *Kingsley* cited the 2011 version of K.S.A. 60-260(b), the language is

4

identical in K.S.A. 2015 Supp. 60-260(b). Therefore, the holding in *Kingsley* governs Loggins' appeal.

We find no evidence that our Supreme Court is departing from its previous decision, thus we are duty bound to follow Kansas Supreme Court precedent. *State v. Vrabel*, 301 Kan. 797, 809-10, 347 P.3d 201 (2015). Accordingly, we affirm the district court's denial of the motion to reconsider and hold that Loggins cannot obtain relief from his criminal conviction pursuant to K.S.A. 2015 Supp. 60-260(b). Because Loggins sought a remedy to which he is not entitled, we need not address his remaining issues.

*Res Judicata*

If, however, we were to reach the merits of Loggins' remaining issue on appeal, we would find it unsuccessful under the doctrine of res judicata. "The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.' [Citation omitted.]" *Kingsley*, 299 Kan. at 901. Four elements are required for application of this preclusive doctrine: "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012); *State v. Neer*, 247 Kan. 137, Syl. ¶ 2, 795 P.2d 362 (1990). These elements are met in this case as to the only claim Loggins raises.

Loggins raises a claim of multiplicity, arguing that the incorrect version of K.S.A. 21-3107 was applied in his case and that this court's analysis of the issue violated ex post facto protections. We have previously addressed this issue and held that Loggins' convictions for aggravated sexual battery and aggravated kidnapping are not multiplicitous. *Loggins*, 2007 WL 2080359, at *7.

*Conclusion*

We affirm the district court's denial of the motion to reconsider because Loggins cannot obtain relief from his criminal conviction pursuant to K.S.A. 2015 Supp. 60-260(b). To the extent we can consider Loggins' remaining issue on appeal, it is barred by the doctrine of res judicata.

Affirmed.

\* \* \*

STANDRIDGE, J., concurring: I concur with the majority's decision to affirm the district court's judgment but for a different reason.

A motion under K.S.A. 2015 Supp. 60-260(b)(4), like the one filed by Kevin D. Loggins, Sr., here, must be made within a reasonable time. Our Supreme Court has stated that the 1-year period set out in K.S.A. 2015 Supp. 60-260(c)(1) represents an extreme limit, and a motion filed thereunder may be rejected as untimely if not made within a reasonable time, even if filed within 1 year. *In re Marriage of Larson*, 257 Kan. 456, 459-60, 894 P.2d 809 (1995). Similarly, federal courts interpreting Federal Rule of Civil Procedure 60, which K.S.A. 2015 Supp. 60-260 is modeled after, have addressed the timing issue under Rule 60(b)(1) and have held those motions may be time barred even if they are brought within 1 year. See *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1177-78 (10th Cir. 2005).

The following is a chronology related to the K.S.A. 2015 Supp. 60-260(b)(4) motion filed by Loggins in this case:

6

- On July 1, 2004, Loggins filed a K.S.A. 60-1507 petition alleging a variety of trial errors, including allegations of insufficient evidence, prosecutorial misconduct, and ineffective assistance of counsel.
- On April 29, 2005, the district court denied Loggins' K.S.A. 60-1507 petition for relief after an evidentiary hearing.
- On May 18, 2005, Loggins filed a timely notice of appeal.
- On July 20, 2007, this court affirmed the district court's decision to deny Loggins' petition for relief under K.S.A. 60-1507. *Loggins v. State*, No. 94,723, 2007 WL 2080359 (Kan. App.) (unpublished opinion), *rev. denied* 285 Kan. 1174 (2007), *cert. denied* 555 U.S. 840 (2008).
- On October 10, 2014, Loggins filed an "Affidavit of Truth in Pursuit of Right to Action."
    - In this affidavit, Loggins sought relief from the district court's K.S.A. 60-1507 judgment issued on April 29, 2005, and the Kansas Court of Appeals memorandum decision affirming the judgment, which was filed on July 20, 2007.
    - Loggins averred in his affidavit that the judgment of the district court issued on April 29, 2005, denying him relief under K.S.A. 60-1507 was void under K.S.A. 60-260(b)(4).
    - Loggins further averred in his affidavit that the memorandum opinion filed by this court on July 20, 2007, affirming the district court's judgment similarly was void under K.S.A. 60-260(b)(4).

As the chronology set forth above demonstrates, Loggins did not file his K.S.A. 60-260(b)(4) motion for relief from void judgment until more than 7 years after the appellate court issued its final mandate affirming the district court's decision to deny Loggins' motion for relief under K.S.A. 60-1507. Given this protracted and unexplained delay, I would find Loggins failed to file his motion within a reasonable time and therefore is procedurally barred from pursuing relief under this statute.