IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,921

STATE OF KANSAS,
*Appellee*,

v.

FREDERICK J. MARTIN,
*Appellant*.

SYLLABUS BY THE COURT

A district court's decision may be summarily affirmed when the appellate court determines after argument or submission on the briefs that no reversible error of law appears and the appeal is frivolous.

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed April 7, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J. Defendant Frederick J. Martin appeals the district court's summary denial of his motion to correct what he argues are illegal consecutive sentences.

1

In 1986, a jury convicted Martin of first-degree felony murder, aggravated kidnapping, and unlawful possession of a firearm for the 1985 killing of Eddie Adams. Martin was sentenced to consecutive life terms for the offenses of first-degree murder and aggravated kidnapping, and to 3 to 10 years for unlawful possession of a firearm, to run concurrently with the life sentence for aggravated kidnapping.

We considered Martin's direct appeal in *State v. Martin*, 241 Kan. 732, 740 P.2d 577 (1987). We rejected his argument that his convictions for both felony murder and aggravated kidnapping violated the Double Jeopardy Clause. *Martin*, 241 Kan. at 741.

In the motion to correct illegal sentence underlying this appeal, Martin argued that the district court judge "lacked jurisdiction to impose multiple, consecutive convictions and sentences" for felony murder and aggravated kidnapping. The district court judge summarily denied his motion. Martin now argues that the judge made insufficient findings of fact to allow for meaningful review.

Martin has previously raised the same issue in various post-conviction proceedings. Each challenge has failed. See *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012) (motion to correct an illegal sentence; challenge to convictions as multiplicitous barred by res judicata); *Martin v. State*, No. 91,503, 2004 WL 2848881 (Kan. App. 2004) (unpublished opinion) (K.S.A. 60-1507; Martin may not use K.S.A. 60-1507 as second appeal to raise double jeopardy); *Martin v. State*, No. 78,763, unpublished opinion filed May 1, 1998 (Kan. App.) (K.S.A. 60-1507; court's rejection of Martin's double jeopardy claim implicitly renders Martin's multiplicity challenge meritless); *Martin v. Roberts*, No. 91-3028, 1992 WL 120195 (10th Cir. 1992) (unpublished opinion) (affirming *Martin v. Roberts*, No. 87-3273, 1991 WL 3134, at *3 [D. Kan. 1991] [unpublished opinion]) (Martin's double jeopardy challenge meritless).

2

In addition to filing these actions, Martin has pursued the same claim unsuccessfully in at least five additional motions to correct illegal sentence and in an unknown number of motions under K.S.A. 60-1507.

Though Martin sometimes labels his challenge as one rooted in multiplicity and other times references "double jeopardy," the substance of his argument is always the same. He contests the legal proposition that he could be charged with, convicted of, and sentenced on both first-degree felony murder and the underlying felony of aggravated kidnapping. See *State v. King*, 297 Kan. 955, 970, 305 P.3d 641 (2013) ("'principal danger of multiplicity'" is double jeopardy).

We have carefully reviewed the entire record and conclude the district court, yet again, adequately addressed Martin's challenge and reached the correct conclusion. We, therefore, affirm the district court. See Kansas Supreme Court Rule 7.042 (2017 Kan. S. Ct. R. 48) ("A case may be affirmed by summary opinion if the court determines after argument or submission on the briefs that no reversible error of law appears and . . . the appeal is frivolous.").