NOT DESIGNATED FOR PUBLICATION

No. 118,781

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAURICE C. WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed December 14, 2018.
Affirmed.

*Rand Simmons*, of Simmons Law Office, of Emporia, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: Maurice C. Williams appeals the district court's summary denial of his postsentence motion to withdraw his no contest plea. For reasons more fully explained below, we affirm.

1

The present appeal is Williams' third appeal and arises from the district court's decision on November 8, 2017, summarily denying Williams' first postsentence motion to withdraw his no contest plea filed on September 21, 2011.

Another panel of our court previously affirmed the district court's denial of Williams' presentence motion to withdraw plea, originally filed on January 27, 2011, in his direct appeal in *State v. Williams*, No. 106,516, 2012 WL 6734512 (Kan. App. 2012) (unpublished opinion) (*Williams I*). In Williams' second appeal, this court affirmed the district court's denial of his second postsentence motion to withdraw plea, filed pro se on July 25, 2014, in *State v. Williams*, No. 113,170, 2015 WL 6457763 (Kan. App. 2015) (unpublished opinion) (*Williams II*).

To place Williams' motions to withdraw plea in context, the following facts are relevant. In June 2010, the State charged Williams with aggravated burglary, criminal damage to property, attempted rape, attempted aggravated sexual battery, criminal restraint, criminal threat, battery, and obstructing legal process. The district court appointed attorney Don Lill to represent Williams. At the preliminary hearing and over Williams' objection, the district court granted the State's amendment to the complaint—which added charges of aggravated assault and aggravated kidnapping—and bound Williams over on all the charges.

On September 30, 2010, Williams pled no contest to aggravated burglary and attempted rape pursuant to a plea agreement. After conducting a colloquy with Williams, the district court accepted his no contest plea, found sufficient evidence supported the charges, and found Williams guilty of aggravated burglary and attempted rape.

Following the plea hearing, Williams requested and the district court allowed Lill to withdraw as counsel. Williams' new appointed counsel promptly filed a presentence motion to withdraw plea on January 27, 2011 (2011 presentence motion). In February 2011, the district court held a hearing and denied the 2011 presentence motion, holding Williams had failed to show good cause to withdraw his plea. The district court sentenced Williams to a controlling term of 216 months' in prison and lifetime postrelease supervision. Williams timely appealed.

While his direct appeal was pending, Williams filed a postsentence pro se motion to withdraw plea on September 21, 2011 (2011 postsentence motion). This motion is the subject of his present appeal. In April 2013, while Williams' direct appeal was still pending, the district court sent a letter to Williams, informing him a decision on this motion would not occur during the pendency of his appeal.

On December 21, 2012, the *Williams I* panel affirmed the district court's denial of Williams' 2011 presentence motion. The panel utilized the factors articulated in *State v. Edgar*, 281 Kan. 30, Syl. ¶ 2, 127 P.3d 968 (2006), and concluded the district court did not abuse its discretion in denying the presentence motion under the good cause standard. 2012 WL 6734512, at *6-9. Williams petitioned for review which our Supreme Court denied in August 2013. 297 Kan. 1256 (2013).

On July 25, 2014, Williams filed his second pro se postsentence motion to withdraw plea (2014 postsentence motion), claiming that his diagnosis of mental retardation affected his ability to enter a plea. In response, the State argued that the district court should bar his claims as res judicata because Williams could have presented this argument in his 2011 presentence motion. After appointing counsel and conducting a hearing, the district court denied the 2014 postsentence motion, finding Williams essentially raised the same arguments that were rejected on the merits in the 2011 presentence motion. On appeal, the *Williams II* panel affirmed the district court's denial

3

on res judicata grounds. 2015 WL 6457763, at *2-4. Williams petitioned for review which our Supreme Court denied in July 2016. 304 Kan. 1022 (2016).

In April 2017, Williams sent a letter to the district court requesting a reversal of his plea. The district court mailed Williams a letter decision, stating that Williams' letter had been received along with a copy of his 2011 motion to withdraw plea and that it had interpreted the letter as a motion to reconsider. The district court denied Williams' motion to reconsider, holding his arguments mirrored those made in his other motions to withdraw plea.

Later that year, Williams filed three pro se motions generally labeled K.S.A. 60-1507 motions, and the district court appointed counsel. Williams' appointed counsel informed the district court that Williams' 2011 postsentence motion lacked any resolution or decision from the court. In November 2017, after holding a hearing, the district court held that the 60-1507 motions were time-barred under K.S.A. 60-1507(f). With regard to Williams' still pending 2011 postsentence motion, the district court summarily denied the postsentence motion to withdraw plea because Williams' arguments had been addressed and denied on appeal and his claims based on the aggravated kidnapping charge were irrelevant since he was not convicted of that charge.

Williams timely appeals.

*Analysis*

While the State argues that Williams appeals the district court's denial of his K.S.A. 60-1507 motions, Williams' brief expressly states that the district court "summarily denied the defendant's motion to withdraw plea without an evidentiary hearing. The defendant appeals from that decision." Williams' arguments also are directed only toward the propriety of the district court's summary denial of his motion to withdraw

4

plea and not to the denial of his K.S.A. 60-1507 motions. Thus, our opinion will exclusively address the district court's denial of Williams' 2011 postsentence motion to withdraw plea as he has waived any other issues. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed are deemed waived or abandoned).

*Standard of Review*

The parties also dispute what standard of appellate review applies. The State argues for de novo review while Williams argues we should review for an abuse of discretion.

> '"An appellate court generally reviews the denial of a motion to withdraw a plea for abuse of discretion. The defendant has the burden of proving abuse of discretion. When a motion to withdraw a plea is summarily denied without argument and additional evidence, this court applies the same procedures and standards of review as in cases arising out of K.S.A. 60-1507. This court exercises de novo review because it has the same access to the motion, records, and files as the district court, and it determines whether the motion, records, and files conclusively show that the defendant is entitled to no relief. [Citations omitted.]' *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014)." *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018).

"Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. . . . Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review. [Citations omitted.]" *State v.* [*Terrance*] *Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

The district court summarily denied Williams' 2011 postsentence motion, in part, as successive after hearing argument but without accepting evidence. The State claims that Williams' 2011 postsentence motion to withdraw plea was barred under the doctrine

of res judicata. Williams counters that res judicata did not bar his 2011 postsentence claims because (1) his counsel's ineffectiveness prevented him from learning the State lacked sufficient evidence to charge him with aggravated kidnapping and attempted robbery and (2) he had presented a sufficient factual basis to warrant an evidentiary hearing. Given how the parties have framed the issue and because "[t]he applicability of res judicata is a question of law, subject to unlimited review," our review is de novo. *State v.* [*Thomas*] *Kelly*, 291 Kan. 868, 874, 248 P.3d 1281 (2011).

*Res Judicata and Law of the Case*

> "The doctrine of res judicata provides that 'where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.' The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.' [Citations omitted.]" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

"In Kansas, there are four requirements to apply res judicata: (1) identity in the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of persons for or against whom claim is made." [*Thomas*] *Kelly*, 291 Kan. at 874-75. "Res judicata consists of four elements: '(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.'" *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012).

We prefer to characterize the issue as whether the law of case doctrine applies. Res judicata typically applies to prevent relitigation of issues between the same parties in a subsequent action whereas the law of the case bars relitigation of issues decided in a prior appeal in the same case. *State v. Collier*, 263 Kan. 629, 633, 952 P.2d 1326 (1998). "Courts adhere to the law of the case '"to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and

6

decision of the matter at issue, and to assure the obedience of lower courts to the decisions of the appellate courts.'" [Citations omitted.]" *State v. Parry*, 305 Kan. 1189, 1194, 390 P.3d 879 (2017). "[T]he doctrine applies not only to matters actually decided in prior proceedings, but also to matters for which the party failed to seek review in a prior proceeding." 305 Kan. at 1195. Therefore, the law of the case doctrine, like res judicata, has preclusive effect. *Venters v. Sellers*, 293 Kan. 87, 99, 261 P.3d 538 (2011). Whether the doctrine is applicable is a legal question subject to our unlimited review. *Parry*, 305 Kan. at 1194.

In light of the procedural posture of this appeal—Williams filed the 2011 postsentence motion after the 2011 presentence motion but before the 2014 postsentence motion—our law of the case determination will focus on the 2011 presentence motion.

A district court may permit a defendant's presentence withdrawal of a plea if the defendant shows good cause; postsentence, the district court may only set aside a plea to correct a manifest injustice. See K.S.A. 2017 Supp. 22-3210(d); [*Thomas*] *Kelly*, 291 Kan. at 874. In determining whether a defendant has shown the required manifest injustice to justify withdrawal of a plea, Kansas courts review what are commonly known as the *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Edgar*, 281 Kan. 30, Syl. ¶ 2.

The 2011 presentence motion generally alleged:

"Williams felt ill-prepared to go to trial, pled out of a sense of despair and hopelessness, and believed the facts were insufficient to prove that he had committed the crimes beyond a reasonable doubt. Williams also claimed that Lill had lacked confidence, spent insufficient time on the case, and pressured Williams to plead, telling him, 'I don't think I

7

can win this,' and, '[I]f I were in your shoes [I'd take the plea.]'" *Williams I*, 2012 WL 6734512, at *2.

After hearing testimony from Lill and Williams and applying the *Edgar* factors, the district court denied Williams' presentence motion to withdraw his plea for failing to show good cause. On appeal, the *Williams I* panel found that Lill provided competent counsel and held that the district court did not abuse its discretion because the pressure did not cause Williams to be misled, coerced, mistreated, or unfairly taken advantage of; and Williams entered the plea fairly and understandingly. 2012 WL 6734512, at *7.

In his 2011 postsentence motion, Williams argued that Lill was ineffective and pressured him to plead no contest. Williams claimed Lill was ineffective for (1) inadequately explaining the attempted rape elements to him and (2) failing to contest that the State lacked sufficient evidence to charge him with aggravated kidnapping and attempted rape, which allowed the State to pile on charges unsupported by the evidence, unduly leveraging him into entering a plea. Williams argued the district court should set aside his plea because of Lill's ineffectiveness before and throughout his plea negotiations.

The problem is that Williams seeks to relitigate his request to withdraw his plea by again arguing that Lill failed to provide him with effective counsel and pressured him into entering the no contest plea. Because Williams raised the same claims in the 2011 presentence motion—claims that were decided on the merits—the law of the case doctrine bars him from relitigating them. See *Kelly*, 291 Kan. at 875. Accordingly, based on a review of the record, the district court did not abuse its discretion in summarily denying Williams' 2011 postsentence motion to withdraw plea.

Affirmed.

8