NOT DESIGNATED FOR PUBLICATION

No. 121,499

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN DOUGLAS WHITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed March 27, 2020. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Darrin C. Devinney*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., HILL and STANDRIDGE, JJ.

PER CURIAM: Stephen White appeals the district court's summary dismissal of his motion to correct an illegal sentence. White contends the court should have construed his motion as a K.S.A. 60-1507 motion, even though White insisted to that court this motion attacks his sentence rather than his conviction. But when we construe this motion as a K.S.A. 60-1507 motion that attacks his conviction, we find it is barred as untimely and successive. Therefore, we affirm.

1

In 2011, White was charged with three counts of rape of a child under 14 years of age, an off-grid person felony. He pled guilty to one count of rape in exchange for the State dismissing the other two counts. White moved for a durational departure sentence, which was denied. He was sentenced to a hard 25 life sentence. His conviction and sentence were summarily affirmed on appeal and became final in February 2013.

A little over two years later, White filed a pro se K.S.A. 60-1507 motion. In that motion White alleged his trial counsel misled and coerced him into entering a plea. That motion has followed a circuitous route through our courts. See *White v. State*, No. 120,716, 2019 WL 6041492, at *1 (Kan. App. 2019) (unpublished opinion) *petition for rev. filed* November 20, 2019. In the latest series of proceedings, the district court held an evidentiary hearing at which White testified that his trial counsel coerced him into accepting a plea agreement by telling him that he would not cross-examine the victim or represent White at trial. Trial counsel disputed White's assertion that he coerced White into accepting a plea agreement, noting that it was entirely White's decision.

The district court found trial counsel's testimony credible and rejected White's testimony. The district court found that trial counsel had worked hard to secure the best possible outcome for White considering he had confessed to the police. In the negotiated plea agreement, the State agreed to:

- Dismiss two of the three rape counts;
- not oppose a motion to depart from an off-grid sentence to a grid sentence; and
- stand mute regarding a further downward durational departure. 2019 WL 6041492, at *3-4.

When that motion was appealed, a panel of this court noted that appellate courts must accept the district court's judgment on credibility determinations and held that trial

2

counsel did not coerce or misinform White into accepting a plea agreement, and White's plea was knowing and voluntary. 2019 WL 6041492, at *4-5. White's request for Supreme Court review of that decision is pending.

In July 2018, White filed a pro se motion to correct an illegal sentence that is the subject of this appeal. He contends that there was not a sufficient factual basis to support his conviction and his defense counsel conceded his guilt against his wishes. The district court summarily denied the motion because White challenged his plea rather than his sentence, which does not make his sentence "illegal" under K.S.A. 22-3504. White filed objections to the court's order, insisting that the court misconstrued his motion as one challenging his conviction rather than his sentence. He argued that the court should not have rewritten his motion as one challenging his conviction and maintained that his sentence was illegal. The court denied White's request to alter or amend its order because it was untimely filed and a motion to correct an illegal sentence under K.S.A. 22-3504 "is a vehicle to correct a sentence, not a mechanism to collaterally attack a conviction, which White clearly is again trying to do." White appeals.

To us, White contends the district court should have construed his motion as a K.S.A. 60-1507 motion and considered its merits under that framework. He contends his trial counsel conceded guilt against his wishes, rendering counsel's assistance ineffective.

Courts interpret pro se pleadings based upon their content and not solely on their title or labels. But there are limits to a court's duty to liberally construe pro se pleadings; the court is not required to divine every conceivable interpretation of a motion, especially when a movant repeatedly asserts specific statutory grounds for relief and makes arguments related to that specific statute. *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). The court is relieved of any duty to convert a motion to correct an illegal sentence under K.S.A. 22-3504 into a motion under K.S.A. 60-1507, where the movant asserts that he or she is only challenging the legality of the sentence and is not seeking to reverse the

3

underlying conviction. *State v. Ditges*, 306 Kan. 454, 457-58, 394 P.3d 859 (2017). Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review. *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014).

A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2019 Supp. 22-3504(a). The illegal sentence statute, however, has very limited applicability. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). An "illegal sentence" is a sentence:

- Imposed by a court without jurisdiction;
- does not conform to the applicable statutory provision, either in character or punishment; or
- is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2019 Supp. 22-3504(c).

K.S.A. 22-3504 is solely a vehicle to correct a sentence, not a mechanism to reverse a conviction. *Gilbert*, 299 Kan. at 801.

In contrast, a defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2019 Supp. 60-1507(f)(1). The one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2). A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation in K.S.A. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Under K.S.A. 60-1507(c), a sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *Beauclair v. State*,

308 Kan. 284, 304, 419 P.3d 1180 (2018). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2. To avoid a dismissal of a second or successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a prior K.S.A. 60-1507 motion. *Beauclair*, 308 Kan. at 304. Moreover, issues raised and decided in prior 60-1507 motions are res judicata and cannot be raised in subsequent motions. *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012).

Here, the district court's dismissal of White's motion was not incorrect because White insisted his motion be construed as one attacking his sentence, and not his conviction. Also, if we construe this as a K.S.A. 60-1507 motion, White's motion would not survive several procedural hurdles. Three cases from our Supreme Court explain why. They are *Gilbert*, *Ditges*, and *Redding*. All three cases instruct us to look at the titles of the motions, the cases in which they are filed—whether they are civil or criminal—and the target that is being attacked.

In *Gilbert*, Gilbert had filed a pro se motion entitled, "Motion to Correct Illegal Sentence," arguing that his sentence was illegal because the trial court failed to instruct the jury on the lesser included offenses of felony murder. He claimed that his felony-murder sentence was "'a product of [the district] court's failure to conform to the statutory provision'" governing lesser included offenses. 299 Kan. at 800. Our Supreme Court held that the district court did not err by summarily denying Gilbert's instructional error claim in the context of a motion to correct an illegal sentence because it was a challenge to his conviction, not his sentence. 299 Kan. at 801-02. The district court also did not err by failing to construe the motion as a K.S.A. 60-1507 motion because Gilbert not only titled his pleading as a "Motion to Correct Illegal Sentence," he also applied K.S.A. 22-3504 to

5

argue his sentence did not conform to the statutory provision governing lesser included offenses. Further, Gilbert argued his motion was timely because a motion to correct an illegal sentence carried no time restriction. He did not assert manifest injustice necessary to permit an untimely filing under K.S.A. 60-1507. 299 Kan. at 802-03.

In *Ditges*, Ditges filed a motion entitled, "Motion to Correct an Illegal Sentence," and cited K.S.A. 22-3504. The body of his motion claimed the trial court should have instructed on the lesser included offense of voluntary manslaughter. He asked for his sentence to be set aside, his conviction reversed, and the case set for a new trial. He noted that under K.S.A. 22-3504, a court may correct an illegal sentence at any time. The district court summarily denied the motion because K.S.A. 22-3504 cannot be used to collaterally attack a conviction. Ditges filed a motion to reconsider, asserting that his original motion had incorrectly stated he was seeking to reverse his conviction. Rather, he said he merely wanted his sentence to be corrected to the sentence applicable for voluntary manslaughter. The district court denied the motion to reconsider. On appeal, our Supreme Court noted that arguably, the district court should have liberally construed Ditges' initial motion as a K.S.A. 60-1507 motion. 306 Kan. at 457. But because Ditges' motion to reconsider insisted that he was only challenging his sentence, not his conviction, the district court "was relieved of any duty to convert the pleading into something the movant did not want." 306 Kan. at 457-58. Further, construed as a K.S.A. 60-1507 motion, Ditges' motion was untimely and he had failed to allege manifest injustice. Thus, the district court's dismissal was affirmed. 306 Kan. at 458-59.

In *Redding*, the district court did not err when it failed to construe Redding's pleading as a K.S.A. 60-1507 motion because it was entitled, "Motion to Correct An[] Illegal Sentence," it was filed under his criminal case number, it was not submitted on the Judicial Council form for a 60-1507 and did not contain the information called for on the form, and the content of the motion was consistent with its label. Our Supreme Court again emphasized that even if the court had construed the pleading as a K.S.A. 60-1507

motion, Redding had exceeded the one-year filing limit and had made no argument why the manifest injustice exception applied. 310 Kan. at 19-20.

Following the holdings of those three cases, we turn now to this one. White titled his motion "MOTION TO CORRECT ILLEGAL SENTENCE," cited to K.S.A. 22-3504, filed it under his criminal case number, did not submit it on the Judicial Council form for a 60-1507, and asked the court "to correct the illegal sentence imposed upon him without jurisdiction." The substance of his complaint was that the prosecutor "failed to establish on the record beyond a reasonable doubt, that White digitally penetrated the victim's vagina with either a finger, his male sex organ or an object, such constituted an acquittal and thus terminated the prosecution since a factual requirement for the conviction was not met." White also argued that while he had maintained his innocence, his trial counsel had conceded his guilt against his wishes. Therefore, he argued, the trial court had no jurisdiction to impose sentence upon him.

After the district court dismissed the motion because he had challenged his conviction rather than his sentence, White objected. In his objections to the court's order, White stated that "The court misconstrues the defendant's motion as one challenging his conviction rather than his sentence" and that his assertions "fit squarely within the definition of an illegal sentence." He complained about his motion being construed as anything other than a motion to correct an illegal sentence. He said, "The requirement of liberal construction does mean that the court can ignore White's motion set forth facts which set forth a claim cognizable under K.S.A. 22-3504."

White does not argue on appeal that his motion set forth a cognizable claim under K.S.A. 22-3504 of an illegal sentence (it did not). Assuming that the district court should have initially construed White's motion as a K.S.A. 60-1507 motion, White's objections to the court's order relieved the district court of any duty to convert his motion into something he did not want.

7

Moreover, construed as a K.S.A. 60-1507 motion, White's motion would undoubtedly be barred as untimely and successive. His motion would be barred as untimely because he did not affirmatively assert manifest injustice, even though he referred to the "actual innocence" claim he made in his prior K.S.A. 60-1507 motion. His motion would be barred as successive because he filed a prior K.S.A. 60-1507 motion and did not allege any circumstances that prevented him from raising these issues in the prior motion. Preclusion principals also prevent this court from redeciding whether his plea was coerced. He raised a similar argument concerning his plea in the original K.S.A. 60-1507 motion. He cannot endlessly relitigate the same issue until he gets the answer he wants.

Our review of the record reveals that White's current arguments are meritless. At the plea hearing, White's attorney did tell the court that after speaking "at length" about his options, White had decided to enter a no contest plea. The attorney stated that White would stipulate that the evidence from the preliminary hearing supported a rape conviction. The court then specifically asked White if he agreed with his attorney's statements, to which White responded, "Yes, Your Honor." The prosecutor gave a factual basis for the charge with specificity, stating that White "did intentionally have sexual intercourse with a victim, her initials N.C.B. . . . a child under 14 years of age. . . . The specific behavior was that the defendant digitally penetrated the female sex organ of that victim." The term "digital" in this context means "done with a finger." Merriam Webster's New World College Dictionary 412 (5th ed. 2014); *State v. Shay*, 56 Kan. App. 2d 721, 725-26, 437 P.3d 78 (2019). With that factual basis on the record, White agreed that he was pleading to the charge freely, knowingly, and voluntarily. He also acknowledged his crime at sentencing. White only complained about his plea after the court refused to grant him a departure sentence.

Affirmed.

8