NOT DESIGNATED FOR PUBLICATION

No. 123,987

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

SAINT JOHN TYLER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed February 18, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., MALONE, J., and RICHARD B. WALKER, S.J.

PER CURIAM: Saint John Tyler appeals from the district court's denial of his pro se motion to correct illegal sentence. Tyler's counsel moved for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48) and the State did not object. As a result, we granted Tyler's motion for summary disposition. On appeal, Tyler contends that his prior federal convictions were void and should not have been considered by the district court when imposing his sentence. However, as the parties acknowledge—and the district court found—this issue was previously decided by this court in *State v. Tyler*, No. 118,625, 2018 WL 5728337 (Kan. App. 2018) (unpublished opinion). Thus, we conclude that the district court appropriately denied Tyler's motion to correct illegal sentence and we affirm.

1

In February 1989, a jury found Tyler guilty of second-degree murder, aggravated assault of a law enforcement officer, sale of cocaine, possession of cocaine with intent to sell, possession of heroin with intent to sell, and perjury. Prior to trial, Tyler also pled guilty to conspiracy to sell drugs. Because Tyler had two prior federal felony convictions for white slavery from other states, the district court invoked the Habitual Criminal Act (HCA), ordering the maximum sentences for each count and ordering the sentences to run consecutive. As a result, Tyler received an aggregate controlling sentence of 111 to 330 years in prison. His conviction and sentence were subsequently affirmed by the Kansas Supreme Court. *State v. Tyler*, 251 Kan. 616, 840 P.2d 413 (1992).

Since the mandate was issued in his direct appeal, Tyler has filed numerous motions and he has filed at least four separate appeals with this court. See *Tyler v. State*, No. 99,031, 2008 WL 4710682 (Kan. App. 2008) (unpublished opinion); *State v. Tyler*, No. 103,257, 2011 WL 2555418 (Kan. App. 2011) (unpublished opinion); *State v. Tyler*, No. 114,301, 2016 WL 4735123 (Kan. App. 2016) (unpublished opinion); *Tyler*, 2018 WL 5728337. In his most recent appeal, this court affirmed the district court's summary dismissal of Tyler's previous motion to correct illegal sentence. In doing so, this court expressly held that the district court did not err when it tripled Tyler's sentence based upon his prior federal felony convictions. 2018 WL 5728337, at *3.

On June 1, 2020, Tyler filed another motion to correct illegal sentence, which is the subject of this appeal. Once again, Tyler argues that the district court erred in considering his prior federal convictions when imposing his sentence. On June 15, 2020, the district court entered a written order summarily dismissing Tyler's motion to correct illegal sentence. In the order, the district court found that "[i]n *State v. St. John Tyler*, No. 118,625 (November 2, 2018) the Court of Appeals held that the Habitual Criminal Act

allowed for the district court to triple defendant's sentence based upon his prior convictions."

Thereafter, Tyler filed a timely notice of appeal.

ANALYSIS

In his motion for summary disposition, Tyler contends once again that the district court erred when it tripled his sentence under the Kansas Habitual Criminal Act, K.S.A. 1987 Supp. 21-4504, which was in effect at the time of his sentencing. In particular, he argues that his federal convictions are void due to their age, and—as a result—the district court did not have jurisdiction to triple his sentence. Notwithstanding, Tyler candidly acknowledges in his motion for summary disposition that "the Court of Appeals held that the Habitual Criminal Act allowed the district court to triple [his] sentence based upon his prior out-of-state convictions, and that the sentence imposed is not illegal pursuant to K.S.A. 22-3504." In its response to the motion for summary disposition, the State contends that in light of the prior ruling by this court, Tyler's argument is barred by res judicata.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, when a district court summarily denies a motion to correct illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

In Tyler's direct appeal, the Kansas Supreme Court specifically rejected Tyler's argument that his prior federal convictions were too remote in time to be used to enhance his sentence. See 251 Kan. at 646. Likewise, in Tyler's second, third, and fourth appeals,

3

separate panels of this court upheld the district court's application of the Habitual Criminal Act to enhance his sentence. See *Tyler*, 2008 WL 4710682, at *3-4 (rejecting Tyler's argument that his prior convictions were not felonies and noting that the State authenticated the prior convictions with certified copies of court records); *Tyler*, 2011 WL 2555418, at *3-5 (upholding the sentencing court's decisions to triple, rather than double, Tyler's sentences and to run the sentences consecutive); *Tyler*, 2016 WL 4735123, at *1-2 (upholding the sentencing court's sentencing under the Habitual Criminal Act and rejecting Tyler's argument that he should be resentenced under the subsequently enacted Kansas Sentencing Guidelines Act).

Finally, the most recent panel to review a challenge to Tyler's enhanced sentencing held:

"Tyler argues his sentence is illegal because K.S.A. 1987 Supp. 21-4504 did not give the district court authority to use his out-of-state convictions to triple his sentence. However, the plain language of K.S.A. 1987 Supp. 21-4504(b) does not prohibit the district court from considering out-of-state convictions. Instead, it requires the district court to triple a defendant's sentence '[i]f a defendant is convicted of *a felony* a third or subsequent time.' K.S.A. 1987 Supp. 21-4504(b). Tyler would have the Kansas Court of Appeals interpret 'a felony' as 'only felonies committed in Kansas,' but this court cannot read into the statute something not readily found in K.S.A. 1987 Supp. 21-4504(b). See *Barlow*, 303 Kan. at 813.

"The Kansas Supreme Court has already ruled the Kansas Habitual Criminal Act 'may be applied once the trial court finds from competent evidence the fact of former convictions for felony committed in or out of this state.' *State v. Crispin*, 234 Kan. 104, 111, 671 P.2d 502 (1983). Relying on *Crispin*, another panel of this court reached the same conclusion in *Crichton*, holding a prior foreign felony need not be a felony under Kansas law but must be a felony under the laws of the foreign jurisdiction. 13 Kan. App. 2d at 216. *Crispin* is still the law and the Kansas Court of Appeals must follow the precedent in *Crispin*. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015) (noting Kansas Supreme Court decisions bind the Kansas Court of Appeals).

4

. . . .

". . . Tyler committed his offenses from 1985 to 1988, well before the effective dates of K.S.A. 1989 Supp. 21-4504 and K.S.A. 1990 Supp. 21-4504. Given the timing of Tyler's 1985 to 1988 Kansas crimes, K.S.A. 1987 Supp. 21-4504(b) applies to Tyler's sentencing because that version of the statute was in effect when he committed his offenses. See *Denney*, 278 Kan. at 646. The district court correctly applied K.S.A. 1987 Supp. 21-4504(b) as the statute allowed the court to triple Tyler's sentence based on his prior out-of-state felony convictions. See *Crispin*, 234 Kan. at 111. Tyler's sentence is not illegal and the district court correctly dismissed his motion." *Tyler*, 2018 WL 5728337, at *2-3.

Having reviewed Tyler's numerous prior appeals related to his sentencing, it is clear that his current motion is yet another attempt to relitigate issues already decided against him. Where an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues actually raised. Further, issues that could have been raised are deemed waived. *State v. Salary*, 309 Kan. 479, 482, 437 P.3d 953 (2019) (citing *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 [2014]). See also *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012) (issues raised and decided in prior K.S.A. 60-1507 motions or motions to correct an illegal sentence are res judicata and cannot be raised in subsequent motions). Accordingly, because the Kansas Supreme Court and numerous panels of this court have already considered and rejected Tyler's challenges to his enhanced sentencing under the Habitual Criminal Act, we conclude that the district court did not err in summarily dismissing Tyler's motion to correct illegal sentence.

Affirmed.