No. 92,254

STATE OF KANSAS, *Appellee*, v. JEROME CHEEKS, *Appellant*.

(121 P.3d 989)

Opinion filed October 28, 2005.

*Stephen B. Chapman,* of Olathe, argued the cause and was on the brief for appellant.

*Jerome A. Gorman,* district attorney, argued the cause, and *Phill Kline,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Jerome Cheeks was convicted of second-degree murder for the 1992 slaying of his wife. On direct appeal, this court affirmed the conviction. *State v. Cheeks,* 258 Kan. 581, 908 P.2d 175 (1995).

In 2000, defendant filed a pro se motion to correct an illegal sentence (K.S.A. 22-3504). The claimed illegality of the sentence is based wholly upon the district court's failure to comply with the requirements of K.S.A. 21-4724. The district court denied the motion on the grounds defendant was not entitled to relief under the statute, and defendant appeals therefrom.

Highly summarized, the statute provides for sentences to be recomputed for pre-July 1, 1993, convictions which would, under the Kansas Sentencing Guidelines Act (KSGA), be classified "in a presumptive nonimprisonment grid block on either sentencing grid, in grid blocks 5-H, 5-I or 6-G of the nondrug grid or in grid blocks 3-H or 3-I of the drug grid." K.S.A. 21-4724(b)(1).

In support of his position, defendant relies on K.S.A. 21-4724(f), which provides:

"(f) In the case of *any person to whom the provisions of this section shall apply,* who committed a crime prior to July 1, 1993, but was sentenced after July 1, 1993, the sentencing court shall impose a sentence as provided pursuant to law as the law existed prior to July 1, 1993, and shall compute the appropriate sentence had

the person been sentenced pursuant to the Kansas sentencing guidelines." (Emphasis added.)

Defendant admits he is not eligible for sentence conversion under KSGA but contends the statute requires a computation of his sentence under KSGA and a hearing thereon at which he would be physically present.

Defendant was convicted of second-degree murder. Presently, the crime of second-degree murder may be classified as a severity level 1, person felony or a severity level 2, person felony (K.S.A. 2004 Supp. 21-3402). At no time since the enactment of K.S.A. 21-4724 has the statute been applicable to defendant's second-degree murder conviction. Accordingly, he has no rights under the statute — no computation, no hearing, and no personal appearance at a hearing.

We conclude that the sentence herein is not illegal.

The judgment is affirmed.

LOCKETT, J., Retired, assigned.