(245 P.3d 1076)
No. 102,685

STATE OF KANSAS, *Appellee*, v. RUSSELL L. ENGLAND, *Appellant*.

Opinion filed December 10, 2010.

*Michael Peloquin,* of The Law Office of Michael Peloquin, Chtd., of Wichita, for appellant.

*Keith E. Schroeder,* district attorney, and *Steve Six,* attorney general, for appellee.

Before GREENE, P.J., GREEN and STANDRIDGE, JJ.

GREEN, J.: Russell England appeals from the trial court's denial of his motion to correct an illegal sentence and his objection to criminal history. England first argues that the trial court should have granted his objection to criminal history where he argued that some of his previous convictions were uncounseled misdemeanors and should not have been aggregated to a felony conviction. England contended that the improper aggregation of his uncounseled prior misdemeanor convictions resulted in a higher criminal history score and, thus, a longer sentence than he should have received. Nevertheless, because an adjustment to England's criminal history score would no longer affect England's sentence in the present case and because England's criminal history score has since been successfully challenged and adjusted, England's argument is now moot. As a result, we dismiss that portion of England's appeal relating to the challenge to his criminal history score.

England also argues that the trial court should have granted his motion to correct an illegal sentence, wherein he argued that the court, under K.S.A. 21-4724(f), should issue a nunc pro tunc journal entry of sentencing that showed what his rape conviction sentence would have been under the Kansas Sentencing Guidelines Act (KSGA). Nevertheless, the trial court's failure to calculate what

England's sentence would have been under the KSGA does not render the sentence illegal. Moreover, we decline to remand England's case for the trial court to calculate what his sentence would have been under the KSGA when such a remand would serve no useful purpose. Accordingly, we dismiss in part and affirm in part.

In 1993, England pled no contest to one count of rape and one count of attempted rape under a plea agreement with the State. The crime of rape occurred on May 23, 1993, which was before the enactment of the KSGA, and the crime of attempted rape occurred on August 21, 1993, which was after the enactment of the KSGA. England was sentenced to a controlling term of 15 years to life in prison for his rape conviction. On his attempted rape conviction, the trial court determined that England had a criminal history score of A and sentenced him to 81 months in prison, which was to run concurrent to the sentence on the rape conviction.

In February 1994, England moved for modification of his sentence and requested that the trial court reduce his prison term or place him on probation. The trial court denied England's motion for modification of his sentence. Then, in February 2000, England moved to withdraw his plea. The motion was denied, and England filed a notice of appeal. England's notice of appeal was later withdrawn.

In 2001, England moved for relief under K.S.A. 60-1507 as a pro se litigant. England alleged misrepresentation by plea counsel and manifest injustice. England further argued that his plea was induced by threats and that evidence was withheld by false representation of complaining witnesses. The trial court denied England's K.S.A. 60-1507 motion. England appealed the trial court's decision, and this court remanded for a hearing on England's ineffective assistance of counsel claim. *England v. State*, No. 87,972, unpublished opinion filed October 11, 2002. After holding an evidentiary hearing, the trial court denied England's ineffective assistance of counsel claim. This court affirmed the trial court's decision. See *England v. State*, No. 92,300, unpublished opinion filed September 16, 2005, *rev. denied* 280 Kan. 982 (2005).

In December 2007, England moved to correct an illegal sentence as a pro se litigant. England argued that under K.S.A. 21-

4724(f) of the KSGA, the trial court should issue a nunc pro tunc order to correct the journal entry of sentencing to reflect a dual calculation of sentence under the KSGA. Then, in January 2008, England filed an objection to his criminal history. England argued that nine convictions listed were inaccurate and that most, if not all, of his prior misdemeanor convictions were uncounseled. England requested that the State provide the necessary proof for the convictions and whether he had counsel "for any or all of those convictions." England maintained that his criminal history should have been scored as C.

At the hearing, England's appointed counsel conceded that England was not eligible for sentence conversion under the KSGA. England's counsel further conceded that England's criminal history score did not affect England's controlling 15 years to life sentence for his rape conviction because a criminal history score has no effect on a pre-KSGA sentence. England's counsel argued, however, that England was contesting his criminal history score that applied to his attempted rape conviction, which was a KSGA sentence. England's counsel contended that a couple of England's prior misdemeanor convictions were uncounseled and, therefore, should not have been aggregated towards a felony. England's counsel maintained that without those uncounseled misdemeanor convictions being aggregated to a felony, England's criminal history score should have been B or I.

The trial court denied England's motion to correct an illegal sentence and his objection to criminal history. The trial court determined that England was not eligible for conversion of his sentence to a KSGA sentence. The trial court further determined that England's motions were successive K.S.A. 60-1507 motions on which England was not entitled to relief.

*Objection to Criminal History as Prior Uncounseled Misdemeanor Convictions*

On appeal, England first argues that the trial court should have granted his objection to criminal history and held a thorough hearing on this matter. England maintains that the trial court should

have allowed a review of his prior convictions to determine whether they were counseled and properly used in computing his sentence.

England titled his motion as "Objection to Criminal History Computation in P.S.I.," which would technically be an untimely challenge to his sentence. See *State v. Henderson*, No. 100,468, unpublished opinion filed April 24, 2009, *rev. denied* 289 Kan. 1282 (2009) (determining that defendant's challenge to use of prior juvenile adjudications in calculating criminal history score was untimely as it was filed more than 22 months after sentencing). Moreover, because England has had numerous opportunities to raise this issue in previous motions but has failed to do so, his motion could be viewed as a successive motion subject to dismissal. See *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727, *rev. denied* 278 Kan. 852 (2004) ("Unless exceptional circumstances are shown, the sentencing court may properly dismiss a second or successive motion on the ground its use constitutes an abuse of remedy.").

Nevertheless, because England was a pro se litigant, we will liberally construe his objection to criminal history as a motion to correct an illegal sentence under K.S.A. 22-3504. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004) (Pro se pleadings are liberally construed.); *Jackson v. State*, 1 Kan. App. 2d 744, 745, 573 P.2d 637 (1977), *rev. denied* 225 Kan. 844 (1978) (The analysis depends on the facts alleged by the pro se movant, not the form of the pleading.). The court may correct an illegal sentence at any time. K.S.A. 22-3504(1); *State v. Perez*, 267 Kan. 543, 549, 987 P.2d 1055 (1999). Moreover, K.S.A. 21-4721(e) specifically allows a criminal defendant to raise an improper calculation of his or her crime severity level or criminal history score on any appeal.

Whether a criminal sentence is illegal within the meaning of K.S.A. 22-3504 presents a question of law over which an appellate court's review is unlimited. *State v. Gracey*, 288 Kan. 252, 261, 200 P.3d 1275 (2009). A trial court has the duty to examine a motion to correct an illegal sentence to determine preliminarily if it raises substantial issues of law or fact. If it does not, the motion may be summarily denied. *State v. Howard*, 287 Kan. 686, 690, 198 P.3d 146 (2008). The decision of whether to hold an evidentiary hearing

on a motion to correct an illegal sentence is subject to a de novo standard of review. See *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). K.S.A. 22-3504 and K.S.A. 60-1507 are treated the same for purposes of determining when an evidentiary hearing is required. *Howard*, 287 Kan. at 690-91.

England contends that his criminal history score, which was used in sentencing him for his attempted rape conviction, should not have been an A. England maintains that he believes some of his prior misdemeanor convictions were uncounseled and should not have been aggregated to a felony in his criminal history.

On October 7, 2010, after reviewing the appellate record, this court issued a show cause order directing the parties to show cause why the issue concerning England's objection to his criminal history score was not moot. This court stated that because an adjustment to England's criminal history score would no longer affect England's sentence in the present case and because England's criminal history score had since been successfully challenged and adjusted, it was apparent that England's argument was moot. In addition, this court requested the parties to show cause why, alternatively, this court should not affirm the trial court based upon an insufficient appellate record that failed to set forth an evidentiary basis demonstrating that England was entitled to relief.

In responding to the show cause order, England asserted that there would be "practical effects" to a decision in this matter, including (1) that he "may have a better chance at parole if his criminal history score was proper"; and (2) that he "believes that he would have a better chance at conversion if his criminal history score was proper." In addition, England attached Exhibit 1, which was a sentencing journal entry of judgment filed in June 2007 that showed his criminal history score had been amended to B. Within his response to the show cause order, England asked this court to add Exhibit 1 to the appellate record.

Nevertheless, England's response to the show cause order fails to show why this issue should not be dismissed as moot. The record in this case shows that England's sentence for attempted rape has been served and that any adjustment in his criminal history would not affect his controlling sentence. In 1993, England was sentenced

to a controlling term of 15 years to life in prison for the crime of rape, and this sentence would not be affected by any change in England's criminal history score. At the same time, England was also sentenced to an 81-month prison sentence for his attempted rape conviction, but this sentence was ordered to run concurrent to the rape conviction. By this time, nearly 17 years after sentencing, England has served his 81-month prison sentence for his attempted rape conviction, and it is apparent that any change in his criminal history score would have no effect on that sentence.

Although England contends that he may have a better chance at parole if his criminal history score was proper, England's attorney told the trial court that England had already successfully challenged his criminal history score in a 2006 Sedgwick County case and that his criminal history score had been adjusted downward to B. Moreover, England attached to his response to the show cause order a document showing that his criminal history score was amended to B. This same document could be presented to the parole board to show the correction in England's criminal history score.

Further, England cites no authority for his assertion that he would have a better chance at conversion if his criminal history score was corrected on the sentencing journal entry of judgment in the instant case. "Simply pressing a point without pertinent authority is akin to failing to brief an issue, and when an appellant fails to brief an issue, the issue is deemed waived or abandoned." *State v. Rupnick*, 280 Kan. 720, Syl. ¶ 12, 125 P.3d 541 (2005). As we will discuss later in this decision, England was not entitled to have his controlling sentence for rape converted under the Kansas Sentencing Guidelines Act.

Under the circumstances present in this case, we determine that a change in England's criminal history score in the present case would have no practical effect on his sentence. "An appellate court will not render [advisory] opinions in appeals which present moot issues or where the judgment could have no practical effect on a then-existing controversy." *State v. Aleman*, 16 Kan. App. 2d 784, 786, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992). As a result, we dismiss this issue as moot.

We pause to point out that based on our review of the appellate record in this case, England has not met his burden to set forth evidence to demonstrate that he is entitled to relief. Under K.S.A. 2009 Supp. 21-4715(c), if an offender "later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." See *State v. Jones*, 272 Kan. 674, 681, 35 P.3d 887 (2001); *State v. Patterson*, 262 Kan. 481, 490, 939 P.2d 909 (1997) (A defendant who collaterally challenges the use of a prior conviction to enhance his or her sentence has the burden to show he or she did not have the benefit of counsel at the prior conviction. Absent such a showing, the enhanced sentence is presumed to be regular and valid.).

In order to warrant an evidentiary hearing on the issue involving his criminal history score, England needed to state an evidentiary basis in support of his claim or an evidentiary basis must appear in the record. See *Swenson v. State*, 284 Kan. 931, Syl. ¶ 2, 169 P.3d 298 (2007) (setting forth standard for granting evidentiary hearing on K.S.A. 60-1507 motion); see also *Howard*, 287 Kan. at 690-91 (K.S.A. 22-3504, which pertains to illegal sentences, and K.S.A. 60-1507 are treated the same for purposes of determining when an evidentiary hearing is required.). In stating the evidentiary basis, England needed to set forth a factual background, names of witnesses, or other sources of evidence to demonstrate that he was entitled to relief. See *Swenson*, 284 Kan. 931, Syl. ¶ 2.

In responding to the show cause order, England attached Exhibit 1, which was a 2007 sentencing journal entry of judgment showing that his criminal history score had been amended to B, and asked this court to add it to the appellate record. Nevertheless, it is apparent that England has not filed a proper motion with this court under Supreme Court Rules 3.02 (2010 Kan. Ct. R. Annot. 23) and 5.01 (2010 Kan. Ct. R. Annot. 33) to add the exhibit to the record. As a result, Exhibit 1 has not been properly added to the appellate record, and we are unable to determine whether the trial court erred in its consideration of the exhibit. See *State v. Paul*, 285 Kan. 658, 670, 175 P.3d 840 (2008) (The burden is on the appellant to furnish a record to support a claim of error at the trial

court. Without such a record, the claim of alleged error fails.). Further, England does not point to any other source of evidence, either in his objection to criminal history or in his appellate brief, to demonstrate that he was entitled to relief. As a result, England has not met his burden on this issue.

*Conversion of Sentence to KSGA Sentence*

Finally, England argues that the trial court should have granted his motion to correct an illegal sentence. England maintains that his sentence was illegal in that it did not comply with K.S.A. 21-4724(f), which required the sentencing court to calculate what his sentence would have been under the KSGA.

Whether a sentence is illegal presents a question of law over which an appellate court's standard of review is unlimited. *State v. Hoge*, 283 Kan. 219, 225, 150 P.3d 905 (2007). Moreover, England's argument requires interpretation of K.S.A. 21-4724. Interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Jefferson*, 287 Kan. 28, 33, 194 P.3d 557 (2008).

K.S.A. 21-4724(f) provides as follows:

"In the case of any person to whom the provisions of this section shall apply, who committed a crime prior to July 1, 1993, but was sentenced after July 1, 1993, the sentencing court shall impose a sentence as provided pursuant to law as the law existed prior to July 1, 1993, and shall compute the appropriate sentence had the person been sentenced pursuant to the Kansas sentencing guidelines."

Importantly, under K.S.A. 21-4724(f), the only thing the sentencing court was required to do in regard to England's rape conviction was to calculate the appropriate sentence England *would have received had he been sentenced for rape under the KSGA.*

Under K.S.A. 21-4724(a) and (b)(1), the trial court was required to sentence England to a pre-KSGA sentence for his rape conviction. K.S.A. 21-4724(a) and (b)(1) state as follows:

"(a) The sentencing grid for nondrug crimes as provided in K.S.A. 21-4704 and the sentencing grid for drug crimes as provided in K.S.A. 21-4705 shall be applied for crimes committed before July 1, 1993, as provided in this section.

"(b) (1) Except as provided in subsection (d), persons who committed crimes which would be classified in a presumptive nonimprisonment grid block on either sentencing grid, in grid blocks 5-H, 5-I or 6-G of the nondrug grid or in grid

blocks 3-H or 3-I of the drug grid, pursuant to the provisions of subsection (c) of K.S.A. 21-4705 and amendments thereto, if sentenced pursuant to the Kansas sentencing guidelines act, and were sentenced prior to July 1, 1993, shall have their sentences modified according to the provisions specified in the Kansas sentencing guidelines act."

Because England's rape conviction was not classified as a presumptive nonimprisonment grid block, he was not entitled to have his controlling sentence for rape converted under the KSGA.

The parties fail to point this court to anywhere in the record where the trial court calculated the sentence that England would have received for his rape conviction under the KSGA. Moreover, a review of the sentencing journal entry fails to show that the KSGA sentence was calculated for England's rape conviction. Nevertheless, this court has previously recognized that it would serve no purpose to remand a case solely to have the sentencing court assign a specific sentence under the appropriate grid box of the KSGA where the defendant does not dispute that he is ineligible for sentence conversion under the KSGA. See *State v. Fields*, No. 84,607, unpublished opinion filed December 8, 2000, slip op. 2.

In this case, England's counsel conceded before the trial court that he was ineligible for conversion of the sentence for his rape conviction to a KSGA sentence. Thus, based on this reasoning in *Fields*, we decline to remand England's case for calculation of the KSGA sentence for his rape conviction. Such remand would serve no useful purpose and would be a waste of judicial resources.

Moreover, it is apparent that the failure to calculate the KSGA sentence for England's rape conviction does not constitute an illegal sentence. An illegal sentence has been defined as "a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]" *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 (1997).

In the present case, England does not allege that the trial court was without jurisdiction to impose his sentence or that the sentence was ambiguous with respect to the time and manner in which it is

to be served. Although England argues that the trial court did not comply with K.S.A. 21-4724(f) in imposing his sentence, the record demonstrates that England's actual sentence of 15 years to life in prison for his rape conviction conformed to the statutory provision authorizing the sentence both in the character and term of the punishment authorized. The fact that the trial court did not calculate the sentence that England would have received for his rape conviction under the KSGA does not make his sentence illegal. See *State v. Cheeks*, 280 Kan. 373, 374, 121 P.3d 989 (2005) (where defendant was not eligible for conversion under K.S.A. 21-4724, failure to compute guidelines sentence under statute did not render sentence illegal). As a result, England's argument on this issue fails.

Affirmed in part and dismissed in part.