IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,279

STATE OF KANSAS,
*Appellee*,

v.

JEROME CHEEKS,
*Appellant*.

SYLLABUS BY THE COURT

An individual who is in prison at the time he or she files a petition for postconviction DNA testing under K.S.A. 21-2512 satisfies the "in state custody" requirement of the statute.

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed June 19, 2015. Reversed and remanded.

*Paul M. Dent*, of Kansas City, argued the cause and was on the brief for appellant.

*Jerome A. Gorman*, district attorney, argued the cause, and *Derek Schmidt*, attorney general, was on the brief for appellee.

BEIER, J.: This appeal arises from a second district court denial of defendant Jerome Cheeks' petition for postconviction DNA testing. We reverse and remand for further proceedings.

1

FACTUAL AND PROCEDURAL BACKGROUND

Cheeks was convicted in 1993 of the second-degree murder of his wife. Cheeks received a prison sentence of 15 years to life imprisonment. This court affirmed his case on direct appeal. *State v. Cheeks*, 258 Kan. 581, 908 P.2d 175 (1995). We also affirmed a later district court denial of Cheeks' pro se motion to correct an illegal sentence. *State v. Cheeks*, 280 Kan. 373, 121 P.3d 989 (2005).

In March 2009, Cheeks filed a pro se petition for postconviction DNA testing under K.S.A. 21-2512. The petition was summarily denied because the statute limited the availability of such testing to cases involving convictions of first-degree murder under K.S.A. 21-3401 or of rape under K.S.A. 21-3502. Cheeks appealed to this court and prevailed. *State v. Cheeks*, 298 Kan. 1, 3, 310 P.3d 346 (2013). We extended K.S.A. 21-2512 to Cheeks and other similarly situated individuals under the authority of the Equal Protection Clause of the United States Constitution. 298 Kan. at 11.

While this last appeal was still pending, in May 2013, Cheeks was released from prison and placed on lifetime parole. His DNA testing petition was taken up again in district court, and the judge denied it after hearing. The judge rejected Cheeks' argument that Cheeks' satisfaction of the statute's "in state custody" requirement should be evaluated as of the time the petition was filed; instead the judge evaluated it as of the time the petition was heard in district court. Cheeks was on parole by that time, and the judge ruled that the legislature did not intend to allow consideration of K.S.A. 21-2512 petitions from individuals on conditional release.

DISCUSSION

This appeal requires this court to interpret a statute. Statutory interpretation and construction raise questions of law reviewable de novo on appeal. *State v. Hobbs*, 301 Kan. 203, 206, 340 P.3d 1179 (2015).

"The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Arnett,* 290 Kan. 41, 47, 223 P.3d 780 (2010). But if a statute is plain and unambiguous, this court will not speculate about legislative intent or turn to canons of construction or legislative history. *State v. Coman,* 294 Kan. 84, 92, 273 P.3d 701 (2012). On the other hand, where a criminal statute is silent or ambiguous on a matter, the rule of lenity applies to mandate that the statute be construed in favor of the accused. *Cf. State v. Thompson,* 287 Kan. 238, 249, 200 P.3d 22 (2009) (statute silence or ambiguity on unit of prosecution construed in favor of defendant)." *State v. Reese*, 300 Kan. 650, 653, 333 P.3d 149 (2014).

K.S.A. 21-2512 states in pertinent part:

"(a) Notwithstanding any other provision of law, a person in state custody, at any time after conviction for murder as defined by K.S.A. 21-3401, and amendments thereto, or for rape as defined by K.S.A. 21-3502, and amendments thereto, may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) . . . ."

The parties focus most of their energy on determining whether, after having been released on parole, Cheeks remained "in state custody" for purposes of K.S.A. 21-2512. But we hold today that the plain language of the statute dictates an outcome in Cheeks' favor without the necessity of reaching that question. The statute does not require that an individual be in state custody when a petition is heard. Rather, the statute makes the custody status of the convicted person of interest only at the time the petition is filed:  A "person in state custody . . . *may petition* the court that entered the judgment for forensic

3

DNA testing." (Emphasis added.) K.S.A. 21-2512. The legislature's use of the present tense in that sentence tells all.

Because there is no dispute that Cheeks remained in prison at the time his K.S.A. 21-2512 petition for DNA testing was filed, he was "in state custody" at the relevant time. This case must be remanded again to the district court so that the merits of the petition may be considered.

CONCLUSION

The district judge's ruling denying Cheeks' petition is reversed, and the case is remanded to the district court for further proceedings under K.S.A. 21-2512.

* * *

ROSEN, J., dissenting:  I agree with the majority that under the plain language of K.S.A. 21-2512, Cheeks' custodial status at the time he filed his requested relief allows the petition for postconviction DNA testing to go forward.

However, I do not agree that Cheeks is entitled to the relief he continues to seek. Based on the reasoning set forth in my dissent in *State v. Cheeks*, 298 Kan. 1, 17-20, 310 P.3d 346 (2013), I would deny his request and dismiss the petition.

STEGALL, J., joins in the foregoing dissenting opinion.