NOT DESIGNATED FOR PUBLICATION

Nos. 120,037
120,038

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC L. NEAL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 1, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM:  Eric L. Neal appeals the district court's summary dismissal of his motion to correct an illegal sentence in consolidated cases. Neal alleges that the district court incorrectly calculated his criminal history score by aggregating three of his prior person misdemeanor convictions into a single person felony. The State contends that Neal is precluded from raising this argument because he already raised the issue of aggregation in previous motions and, alternatively, that Neal fails to provide pertinent

1

authority to show that his criminal history score was incorrect. We agree with the State and affirm.

## FACTUAL AND PROCEDURAL HISTORY

In December 2000, a jury convicted Neal of second-degree murder, criminal possession of a firearm, aggravated battery, aggravated assault, and endangering a child in two cases consolidated for trial. After finding Neal's criminal history score to be category B on the second-degree murder conviction and category I for all other convictions, the district court sentenced him to a total of 653 months in prison.

Neal had a criminal history score of B because his criminal record revealed one prior felony person crime, aggravated sexual battery, from Sedgwick County, Kansas; two prior misdemeanor person crimes of simple battery in the City of Wichita; one prior misdemeanor person crime of violation of a protective order in the City of Wichita; and one prior misdemeanor person crime of domestic battery in the City of Wichita. Any three of the person misdemeanors could be aggregated together to make one felony person crime under K.S.A. 21-4711(a) (now K.S.A. 2018 Supp. 21-6811[a]). Convictions for violations of municipal ordinances are treated in the same manner as comparable misdemeanors for purposes of calculating criminal history, including aggregation. *State v. Vega-Fuentes*, 264 Kan. 10, Syl. ¶ 5, 955 P.2d 1235 (1998). Because this resulted in two person felonies, Neal's criminal history score was B. K.S.A. 21-4709 (now K.S.A. 2018 Supp. 21-6809).

Neal filed a direct appeal, challenging among other things the legality of his sentences, although on a different basis than he does here. See *State v. Neal*, No. 86,756, unpublished opinion filed November 22, 2002, slip op. at 13-15 (Kan. App.). This court affirmed his convictions and held that the district court correctly applied Neal's prior

2

felony person crime for aggravated sexual battery when calculating his criminal history score. Slip op. at 15. The mandate issued in February 2003.

In August 2007, Neal filed a pro se motion to correct an illegal sentence, challenging aggregation of his prior misdemeanor convictions in three ways: (1) that his 1987 and 1988 convictions for misdemeanor battery in violation of a City of Wichita ordinance were uncounseled and thus not constitutionally valid; (2) that the municipal convictions could not be used to compute his criminal history score; and (3) the aggregation led to the "[e]nhancement of [m]isdemeanor convictions for sentencing purposes." In his motion, Neal referenced his 1987 and 1988 convictions for misdemeanor battery and his 2000 conviction for misdemeanor domestic battery. He contended that the district court erred by converting these prior convictions into a single person felony. He further indicated that he had no dispute with his 2000 municipal domestic battery conviction, only the 1987 and 1988 battery convictions. The violation of a protection order conviction was never contested, nor did anyone claim it was part of the three misdemeanor calculus used at Neal's sentencing. In addition, only the journal entries for the contested 1987 and 1988 battery convictions were attached to the presentence investigation report.

The State responded, arguing that Neal had already challenged his criminal history in his direct appeal, thus his new claims were barred because of res judicata and waiver. The district court adopted the State's response as its own and denied Neal's motion.

Neal appealed. This court affirmed, concluding that Neal's motion was procedurally barred because he was using the motion as a substitute for a second appeal. *State v. Neal*, No. 100,366, 2009 WL 1140329, at *2 (Kan. App. 2009) (unpublished opinion). The Kansas Supreme Court ultimately reversed, holding that Neal's motion was not procedurally barred and ordered an evidentiary hearing to determine whether his prior

3

misdemeanors were counseled or uncounseled. *State v. Neal*, 292 Kan. 625, 630-31, 640, 258 P.3d 365 (2011).

At a hearing upon remand from the Supreme Court, in November 2011, Neal conceded his priors and withdrew his illegal sentence claims.

In June 2014, Neal filed a second pro se motion to correct an illegal sentence, challenging the district court's jurisdiction and asserting as error the court's decision to score a prior sexual battery conviction as a person felony and the aggregation of his prior misdemeanor battery and domestic battery convictions into a person felony. He argued that the misdemeanor convictions were improperly classified as person misdemeanors. Neal's court-appointed counsel also filed a motion/memorandum in support and added a claim based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). Neal moved to dismiss his pro se motion to correct illegal sentence because it was prematurely filed.

The district court ultimately denied Neal's motion, issuing a journal entry finding that (1) his criminal history score was B; (2) he had no pre-1993 out-of-state convictions to which *Murdock* would apply; and (3) his criminal history score would not be altered under *Murdock*. The court also found that the State's arguments about waiver and retroactivity were moot. Neal appealed that ruling the same day.

In February 2015—during the pendency of the appeal—Neal filed a third pro se motion to correct an illegal sentence, raising the same challenges as in his second motion to correct an illegal sentence. The district court ultimately dismissed this motion without a hearing, issuing a minutes sheet order stating that "On 10-31-14 This Court ruled [*Murdock*] did not apply to [Neal]'s cases. That ruling has been appealed by [Neal]. Appeal has been docketed."

4

This court summarily affirmed the district court's denial of Neal's second motion to correct an illegal sentence based on *Keel* in November 2015. The Kansas Supreme Court denied his petition for review in December 2016, and the mandate issued on January 20, 2017.

Neal filed this, his fourth motion to correct an illegal sentence in February 2018. He again challenged the district court's aggregation of his 1987 and 1988 misdemeanor battery convictions, but this time he claimed, contrary to his prior filings, that they were aggregated with the 1998 violation of a protective order conviction to determine his criminal history score of B. The district court summarily denied Neal's motion without a hearing, finding:

> "[T]he motion presents no substantial question of law or fact. *State v. Duke*, 263 Kan. 193, 195-96[, 946 P.2d 1375 (1997)]. [Neal]'s motion fails to establish an illegal sentence and misunderstands the law regarding aggregation of person misdemeanors for sentencing purposes. [Neal]'s person misdemeanors were properly aggregated."

Neal timely appealed and this court consolidated his cases.

ANALYSIS

Neal argues that his sentence was illegal because the district court improperly aggregated three of his prior person misdemeanor convictions into a person felony. He therefore contends that the criminal history score of B was in error and that he must be resentenced with a C criminal history score.

The State disputes that the sentence was illegal, but it first contends that Neal's illegal sentence claim is precluded by res judicata and appellate policy against piecemeal litigation. The State concedes that failing to raise an issue during a direct appeal cannot

serve as a procedural bar in the context of a motion to correct an illegal sentence, but it contends that Neal's claims were already decided in his appeal of his prior motions to correct an illegal sentence. And the State contends that Neal cannot "repeatedly raise the same issue or breathe life into an appellate issue previously adversely determined simply by founding [his] claim on K.S.A. 22-3504."

When a district court summarily denies a motion to correct an illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016). Likewise, whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which this court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). But first, this court must determine whether Neal's current claims are precluded.

In Neal's direct appeal, this court ruled that the district court properly considered his prior felony person crime in calculating his criminal history. *Neal*, No. 86,756, slip op. at 15.

Over four years later, Neal filed his first motion to correct an illegal sentence under K.S.A. 22-3504(1). This time he argued that the court improperly aggregated three of his person misdemeanors (specifically two person batteries and one person domestic battery) to a person felony because the misdemeanors were not counseled. The Supreme Court remanded the case to determine whether the misdemeanors were counseled. *Neal*, 292 Kan. at 640. We agree with the State that implicit in our Supreme Court's decision was that the aggregation was proper so long as the priors were counseled. See 292 Kan. at 632-40. At a hearing upon remand Neal conceded his priors and withdrew his illegal sentence claims. By doing so, he voluntarily admitted that his sentence was legal.

6

Neal's second motion in 2014 and his third in 2015 were substantively similar. He challenged the aggregation of his prior misdemeanor battery convictions but because they were improperly given the person classification. In these motions, Neal again referenced the 2000 domestic battery conviction. The district court summarily dismissed his claims and this court summarily affirmed that decision on appeal. The Kansas Supreme Court denied his petition for review and the mandate issued in 2017. Now we are confronted by Neal's fourth motion to correct an illegal sentence again challenging the aggregation of his person misdemeanors into a person felony.

The Kansas Supreme Court has made it clear that K.S.A. 22-3504(1) does not allow a defendant to "'breathe new life' into an appellate issue previously determined against the defendant" by repeatedly raising the same issue in later motions. *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012) (barring claim of illegal sentence that was raised and denied at least six times previously) (citing *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 [2008]). In *Martin*, the Kansas Supreme Court held that res judicata applies in subsequent motions to correct an illegal sentence when issues were previously raised and decided on the merits, or *could have been presented but were not*. 294 Kan. at 640-41. That is the case here.

Neal provides no legal authority in opposition to the State's arguments that his claims are barred, only arguing that his sentence was illegal. Nor does Neal present any support for his argument that the aggregation of two battery convictions with a person misdemeanor conviction for violating a protective order would have been improper, even though the record does not support that the aggregation involved the protective order violation at all. The failure to support a point with pertinent authority or show why it is sound in the face of contrary authority is akin to failing to brief the issue. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018).

Simply put, Neal has had multiple opportunities to challenge his sentence. His last three actions have involved an allegation that the court erred in the aggregation of his person misdemeanors. Not only did he abandon any claims related to aggregation in 2011 when he conceded his priors and withdrew his illegal sentence claim on remand from the Supreme Court, his two subsequent claims have likewise been denied. No new issues of law or fact are raised in his current motion that have not been raised before or could have been raised before. See *Martin*, 294 Kan. at 640-41; *State v. England*, 45 Kan. App. 2d 33, Syl. ¶ 2, 245 P.3d 1076 (2010) (if motion to correct an illegal sentence raises no substantial issues of law or fact, it may be summarily denied). Accordingly, we affirm the district court's summary denial of Neal's motion to correct an illegal sentence.

Affirmed.