NOT DESIGNATED FOR PUBLICATION

No. 121,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTWAIN L. NELSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed September 11, 2020. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM: Antwain Nelson appeals the trial court's denial of his motion attacking his sentence under K.S.A. 60-1507. Nelson argues that his previous appellate counsel was ineffective because his counsel failed to include critical documents in the record on appeal. Because Nelson fails to show that he was prejudiced by his counsel's deficient performance, we affirm the trial court.

In May 2009, Nelson pleaded guilty to aggravated robbery, in violation of K.S.A. 21-3427 (now K.S.A. 2019 Supp. 21-5420). A presentence investigation (PSI) report

1

filed in June 2009 showed that Nelson had a criminal history score of B. The PSI report showed that Nelson had three separate person misdemeanor convictions and they were aggregated together to make a one-person felony. This aggregation of the misdemeanor convictions had increased his criminal history score.

At sentencing, Nelson's counsel did not object to the criminal history score. Nelson contends that he attempted to object to his criminal history, but his counsel quieted him. The trial court granted a downward dispositional departure to probation, while imposing an underlying 228-month prison sentence followed by postrelease supervision for 36 months. The court revoked Nelson's probation in November 2009, ordering Nelson to serve a modified prison term of 216 months.

The following month Nelson moved pro se to correct an illegal sentence. He alleged that his sentence was illegal because he was sentenced to 228 months in prison rather than the 110-month sentence in the plea agreement. The trial court summarily denied his motion.

In 2010, Nelson moved to withdraw his plea. *State v. Nelson*, No. 105,250, 2012 WL 402005 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1134 (2013) (*Nelson I*). The motion asserted that Nelson's defense counsel had incorrectly told him that his criminal history score would be C, but the final criminal history score was determined to be B. Nelson maintained that because his counsel did not object to the criminal history score at sentencing, this amounted to ineffective assistance of counsel. In *Nelson I*, this court affirmed the trial court's summary denial of Nelson's motion to withdraw his plea because Nelson failed to show ineffective assistance of counsel. This court held that even if Nelson could show inadequate performance of counsel, he could not show prejudice. 2012 WL 402005, at *2-4.

In April 2013, Nelson moved pro se a second time to correct an illegal sentence. *State v. Nelson*, No. 111,247, 2015 WL 8586019 (Kan. App. 2015) (unpublished opinion) (*Nelson II*). This motion primarily contended that Nelson's misdemeanor convictions were uncounseled, so they were improperly included in his criminal history. And thus, Nelson's trial counsel was ineffective for failing to properly advise him about the aggregated scoring of his three separate person misdemeanor convictions and for failing to object to his criminal history. Nelson concluded his argument by asking the trial court to correct his illegal sentence "or in the alternative, prove that all three of the person misdemeanors had the guiding hand of counsel. . . ." 2015 WL 8586019, at *2.

At an evidentiary hearing on the motion, Nelson testified about a 2003 misdemeanor conviction for battery in Wichita Municipal Court. He testified that he intended to retain David Leon but never paid him his fee, resulting in Leon not appearing to represent him at the plea and sentencing hearing. Nelson testified that he entered his 2003 plea without counsel. Nelson also testified that his court-appointed attorney was not present when he pleaded no contest in a 2006 misdemeanor conviction for battery in Wichita Municipal Court. Nelson conceded that he was represented by counsel in a 2008 misdemeanor conviction.

The State entered as exhibits certified records from the municipal court of the City of Wichita pertaining to the 2003 and 2006 charges, showing appearances of counsel. In the 2003 case, the docket sheet shows that a "D. Leon" entered his appearance on "18Jun03." A screenshot of court records shows that "ATTY LEON, DAVID" was present at both an attorney walk-in docket on June 18, 2003, and a disposition on July 8, 2003. The docket sheet shows that Nelson entered a plea of no contest at a final disposition on July 8, 2003.

In the 2006 case, the docket sheet shows a plea of "Nolo" and a finding of guilt on December 8, 2006. A screenshot shows that the court appointed a public defender on

November 2, 2006. The docket sheet shows a city public defender, "Lautz," but no date entered. Another screenshot shows "ATTY LAUTZ, SHAWN CPD PRESENT" for a bench trial held on December 8, 2006.

Based on its review of the journal entries and the municipal court records, the trial court found that Nelson had been represented by an attorney or had waived an appearance of an attorney at all requisite times. After a nonevidentiary hearing, the trial court ruled that Nelson's prior misdemeanor convictions had been properly admitted. So the trial court denied Nelson's motion to correct an illegal sentence and ruled that any K.S.A. 60-1507 claim to be time barred.

The current case stems from an ineffective assistance of counsel claim in the appeal on *Nelson II*. On appeal, Nelson's counsel neglected to include the municipal court records in the record on appeal. This court held that Nelson failed to meet his burden of designating a record that affirmatively shows prejudicial error. *Nelson II*, 2015 WL 8586019, at *4. This court also stated—that the trial court found that Nelson was represented by counsel or had waived counsel—that "without a record to review we must presume this finding was proper." 2015 WL 8586019, at *4. Nelson failed to overcome this presumption.

In August 2017, Nelson filed a petition for writ of habeas corpus alleging that his appellate counsel in *Nelson II* was ineffective. Nelson attached to the motion a letter in which appellate counsel for *Nelson II* accepted responsibility for failing to include the documents in the record. Nelson's attorney surmised that the omission of the municipal court records "may have precluded the opportunity for meaningful appellate review."

At a hearing on the motion, the State conceded that previous appellate counsel's performance was deficient because of failing to include the documents in the appellate record. Nevertheless, the State argued that the documents did not support Nelson's claim

4

that he was not represented by counsel at the two municipal misdemeanor plea hearings. And so the State argued that Nelson could not establish the prejudice prong of the ineffective assistance of counsel test.

At the end of the hearing, the trial court ruled that Nelson's motion was untimely because it was filed more than one year after Nelson's direct appeal ended. Alternatively, the court ruled that while appellate counsel rendered deficient performance, Nelson had not shown a reasonable probability that the result of the appeal would have been different had the documents been included in the record. Finally, the court made another alternative ruling that Nelson was represented by counsel for the 2003 and 2006 misdemeanor convictions. So the court ruled that those convictions were properly scored as part of Nelson's criminal history.

Nelson timely appeals.

While the appeal was pending, Nelson filed a request for additions to the appellate record, citing Supreme Court Rule 3.02 (2020 Kan. S. Ct. R. 19). Nelson's misdemeanor conviction records from the Municipal Court of the City of Wichita were added to the record on appeal. These records are now before this court for the first time.

## ANALYSIS

*Did the Trial Court Err in Denying Nelson's Ineffective Assistance of Counsel Claim?*

On appeal, Nelson argues that his K.S.A. 60-1507 motion was timely and that manifest injustice would result if the motion were time barred. The State concedes. The State expressly does not argue that the motion should be dismissed as untimely. Thus, timeliness is not at issue on appeal.

5

Nelson also argues that his previous appellate counsel was ineffective. Nelson asserts that if his counsel had included the Wichita Municipal Court records in the record on appeal in *Nelson II*, then his appeal would have been successful. The State concedes that Nelson's counsel was ineffective by not including the municipal court records in the record on appeal. But the State asserts that Nelson cannot show that he was prejudiced by the deficiency because the result would have been the same.

The extent of a movant's statutory right to be provided with effective assistance of counsel in a K.S.A. 60-1507 proceeding is a legal question to be reviewed de novo. *Mundy v. State*, 307 Kan. 280, 294, 408 P.3d 965 (2018).

To establish ineffective assistance of counsel on appeal, defendant must show the following:  (1) that counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness and (2) that the defendant was prejudiced to the extent that a reasonable probability exists that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014); *State v. Butler*, 307 Kan. 831, 852-53, 416 P.3d 116 (2018).

The party claiming that an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the trial court was proper. *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017); *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018) ("The burden is on the party making a claim of error to designate facts in the record to support that claim; without such a record, the claim of error fails.").

When a defendant challenges his or her criminal history score for the first time in a collateral proceeding, the burden of proof shifts to the offender to prove his or her

criminal history by a preponderance of the evidence. *State v. England*, 45 Kan. App. 2d 33, 40, 245 P.3d 1076 (2010).

An uncounseled misdemeanor conviction for which a defendant was sentenced to prison time, even if prison time was conditioned on probation, is unconstitutional and cannot be used in a later criminal proceeding for sentence enhancement. *State v. Key*, 298 Kan. 315, 320, 312 P.3d 355 (2013). If the defendant challenges prior convictions from a PSI report at his sentencing hearing, the burden of proof remains on the State to prove the validity of the convictions. *State v. Hughes*, 290 Kan. 159, 171, 224 P.3d 1149 (2010). But if the criminal history challenge is raised in a motion to correct illegal sentence or other collateral proceeding, the burden of proving that the convictions were uncounseled rests with the defendant. *State v. Neal*, 292 Kan. 625, 633, 258 P.3d 365 (2011).

Nelson asserts that the docket sheets do not state whether he was represented by counsel when convicted in the two misdemeanor battery cases. Nelson acknowledges that, while a journal entry of conviction is the most direct evidence of the conviction, the State may use other certified documents to show previous convictions. Nelson argues that the screenshots used as supplemental evidence fail to remedy the deficiencies of the docket sheets.

Also, Nelson argues that the screenshots are inaccurate because they do not reflect that he was present at the plea and sentencing hearings. A defendant is "guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if the defendant's presence would contribute to the fairness of the procedure." *State v. Calderon*, 270 Kan. 241, 245, 13 P.3d 817 (2000) (citing *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S. Ct. 2658, 96 L. Ed. 2d 631 [1987]). Nelson correctly argues that he had an absolute right to be present at his plea hearings and enter the plea himself, rather than through counsel. Nelson asserts that the failure to specify his presence in the docket sheet and accompanying screenshots means that either:  (1) the Wichita Municipal Court

7

conducted a critical stage of Nelson's criminal proceedings without him present or (2) the screenshots contain incomplete information, at best, and are outright inaccurate, at worst.

Nelson's first argument fails because he testified that he was present in the Wichita Municipal Court for his plea and sentencing hearings. Further, Nelson does not argue that the misdemeanor convictions violate his rights under the Sixth Amendment to the United States Constitution because he was not present. Instead, Nelson argues that counsel was not present for his misdemeanor convictions and, thus, using those convictions in determining his criminal history score violated his rights under the Sixth Amendment.

Nelson's second argument also fails because the burden rests with Nelson to show that he did not have the benefit of counsel for his misdemeanor convictions. Screenshots with incomplete or inaccurate information would be insufficient to show that the convictions were counseled. Here, the screenshots indicate that Nelson was represented, particularly when combined with the docket sheets and Nelson's testimony.

Nelson, however, analogizes his case to *State v. Rivas*, No. 114,947, 2017 WL 3207144 (Kan. App. 2017) (unpublished opinion). Manuel A. Rivas was convicted of second-degree intentional murder. Before sentencing, Rivas challenged his criminal history score of B because three separate person misdemeanor convictions were lumped into the equivalent of one-person felony. Rivas claimed that his criminal history score should be lower because two of the three misdemeanors were uncounseled and, therefore, could not be aggregated. This court held that the State had not met its burden by presenting a screenshot which showed the following: "Bench trial held," "ATTY SICKMANN, RONALD Present," and "[d]efendant present in courtroom. def placed on probation." This court held that "[t]he most that can be ascertained from this screenshot is that Sickmann was present for a sentencing hearing." 2017 WL 3207144, at *13. This court also rejected the State's reliance on *State v. Hooks*, No. 107,582, 2013 WL 1876448 (Kan. App. 2013) (unpublished opinion) as inapplicable to Rivas' case because *Hooks*

8

involved a motion to correct an illegal sentence and, therefore, the burden was on Hooks. The burden of proof was on the State in *Rivas* because it was a direct appeal.

Here, the reverse is true. Nelson's K.S.A. 60-1507 motion puts him on the same footing as Hooks where he has the burden of proof as the party challenging the previous convictions. Hooks pleaded no contest to aggravated battery and possession of cocaine. At sentencing, there was a prolonged discussion about Hooks' lengthy criminal history. Nevertheless, Hooks failed to object to the aggregation of three previous person misdemeanor convictions into one-person felony. Hooks later moved to correct an illegal sentence, claiming his misdemeanors could not aggregate because one of them was uncounseled. But the journal entry identified the defense attorney as "CPD" with a "Date Entered" of "6-3-97." 2013 WL 1876448, at *5. This court ultimately held that Hooks did not meet the burden of proving that the misdemeanor conviction was uncounseled. 2013 WL 1876448, at *5 (citing *Neal*, 292 Kan. at 634).

Here, Nelson similarly fails to meet his burden to show that his misdemeanor convictions were uncounseled. Nelson must show a defect in his criminal history score by a preponderance of the evidence. *England*, 45 Kan. App. 2d at 40. A "preponderance of the evidence" means evidence which shows that a fact is more probably true than not true. *Nauheim v. City of Topeka*, 309 Kan. 145, 152, 432 P.3d 647 (2019). In the 2003 case, the documents showed that David Leon represented Nelson as of June 18, 2003, and was present for the plea and sentencing on July 8, 2003. In the 2006 case, the documents showed that Shawn Lautz represented Nelson when Nelson was convicted. The trial court ruled that Nelson failed to show by a preponderance of the evidence that he had been convicted without benefit of counsel.

The trial court did not err in denying Nelson's K.S.A. 60-1507 motion for ineffective assistance of counsel. The parties agreed and the trial court correctly ruled that appellate counsel's performance in *Nelson II* was deficient. So the question before the

trial court was whether the deficient performance prejudiced Nelson on appeal. In *Nelson II*, this court had only Nelson's testimony to review. If the municipal court records had been included alongside that testimony, would Nelson's appeal have been successful? The trial court here correctly ruled that Nelson's appeal would not have been successful and, therefore, he was not prejudiced by his counsel's failure to include the documents in the *Nelson II* record on appeal. This court now has access to the municipal court records, and we agree that the outcome of *Nelson II* would have been the same if these municipal court records had been included in that record on appeal.

For the preceding reasons, we affirm the trial court's denial of Nelson's motion.

Affirmed.