NOT DESIGNATED FOR PUBLICATION

No. 122,059

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELL LEE ENGLAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed October 9, 2020. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., WARNER, J., and BURGESS, S.J.

PER CURIAM: Russell Lee England appeals from the district court's summary denial of his pro se motion to correct an illegal sentence.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, England pled no contest to one count of rape and one count of attempted rape. The rape occurred on May 23, 1993, which was prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 et seq. The attempted rape occurred on August 21, 1993, which was after the KSGA went into effect on July 1, 1993. On December 17, 1993, the district court sentenced England to 15 years

1

to life imprisonment for rape with a concurrent sentence of 81 months' imprisonment for attempted rape.

As detailed by a prior panel of this court in *State v. England*, 45 Kan. App. 2d 33, 35-37, 245 P.3d 1076 (2010), England has made numerous attempts to collaterally attack his convictions and sentences through postconviction motions. The court addressed a pro se K.S.A. 60-1507 motion England filed in 2007, which it liberally construed as a motion to correct illegal sentence under K.S.A. 22-3504. The court explained because England received concurrent sentences, any challenge to the calculation of his criminal history for purposes of his sentence for attempted rape was moot, as his sentence had already been completed. Although England remains under sentence for the rape conviction, he was not eligible for a sentence conversion under the KSGA. Accordingly, his criminal history is irrelevant to the sentence imposed because it is a pre-KSGA sentence. See 45 Kan. App. 2d at 38-39, 41-43.

In 2014, England filed a pro se motion to correct illegal sentence, arguing his criminal history was improperly calculated based on the holding in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). The district court denied his motion. England appealed and another panel of this court affirmed by order pursuant to Supreme Court Rule 7.041 (2020 Kan. S. Ct. R. 47).

In 2019, England filed another pro se motion to correct illegal sentence, which is the subject of this appeal. He argues that his pre-1993 in-state convictions were erroneously scored as person offenses. The district court summarily denied England's motion, stating: "Defendant filed a motion asserting the same issue on September 10, 2014, the motion was denied and the Court of Appeals of the State of Kansas affirmed the District Court by mandate filed January 11, 2018. This court is not required to entertain successive motions." England timely appealed.

ANALYSIS

*Standard of Review*

Whether a sentence is illegal within the meaning of K.S.A. 2019 Supp. 22-3504 turns on interpretation of the KSGA. *State v. Dickey*, 305 Kan. 217, 220-22, 380 P.3d 230 (2016). An illegal sentence, as defined by K.S.A. 2019 Supp. 22-3504(c)(1), is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." "Whether a prior conviction should be classified as a person or nonperson offense involves interpretation of the KSGA. Interpretation of a statute is a question of law over which appellate courts have unlimited review." *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015).

*Discussion*

England argues the district court erred in summarily denying his most recent motion to correct an illegal sentence. He appears to incorrectly assert he received consecutive sentences for his rape and attempted rape convictions. This argument is poorly explained and unsupported by citation to the record. It is clear from the record, as well as the analysis by the *England* court, that England received concurrent sentences. His 81-month KSGA sentence for attempted rape has already been completed. Accordingly, any challenge to the calculation of his criminal history for determining his sentence for attempted rape is moot. See 45 Kan. App. 2d at 38-39.

As further explained by the court, England was not eligible to have his sentence for rape converted to a KSGA sentence. See 45 Kan. App. 2d at 41-43. At the time of the offense, rape was classified as a Class B felony. See K.S.A. 21-3502(2) (Furse 1992).

3

The applicable penalty for a Class B felony at that time was "an indeterminate term of imprisonment, the minimum of which shall be fixed by the court at not less than five years nor more than 15 years and the maximum of which shall be fixed by the court at not less than 20 years nor more than life." K.S.A. 21-4501(b) (Furse 1992).

Unlike KSGA sentences, the penalty provisions under the applicable codification of K.S.A. 21-4501 did not take into account the offender's criminal history for purposes of determining the disposition and duration of a sentence. England's criminal history had no bearing on the penalty imposed for his pre-KSGA rape conviction. He received a sentence consistent with the time and manner required by statute. See K.S.A. 21-4501(b) (Furse 1992). Accordingly, England's sentence for rape is not an illegal sentence as it "conform[s] to the applicable statutory provision . . . in character [and] punishment . . . [and] the time and manner in which it is to be served at the time it [was] pronounced." K.S.A. 2019 Supp. 22-3504(c)(1). The district court properly found England's motion to be successive. England's motion fails on the merits.

Affirmed.

4