NOT DESIGNATED FOR PUBLICATION

Nos. 122,318
122,573

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH D. PETERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed March 5, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: Kenneth D. Peterson appeals the district court's order denying his motion to correct illegal sentence, which sought to obtain 461 days of jail credit previously denied by the district court in one of his pending cases. The district court summarily denied Peterson's motion, finding it lacked jurisdiction to address the claim because Peterson's cases were docketed with the appellate court and, in the alternative, his motion failed on the merits because he had no right to duplicate jail credit. For the reasons stated in this opinion, we affirm the district court's judgment.

1

On July 11, 2017, in a global plea agreement, Peterson pled guilty to possession of methamphetamine in 2017 CR 479, attempted theft in 2017 CR 1864, and misdemeanor charges of theft and fleeing or attempting to elude an officer in 2016 CR 1390. On August 23, 2017, in 2016 CR 1390, the district court sentenced Peterson to 12 months in jail and granted probation for 18 months. In 2017 CR 479, the district court sentenced Peterson to 20 months' imprisonment and granted probation for 18 months. In 2017 CR 1864, the district court sentenced Peterson to 8 months' imprisonment and granted probation for 18 months. The district court ran the sentences in all three cases consecutive to each other and consecutive to the sentences in two municipal court cases.

Peterson did not get off to a good start with his probation. On September 23, 2017, Peterson was arrested for possession of a controlled substance. On November 7, 2017, Peterson admitted to violating the terms of his probation in all three cases and received a three-day quick dip. The district court ordered Peterson to complete the residential community corrections program. On November 16, 2017, Peterson went "AWOL" from the residential center.

On October 30, 2018, Peterson pled guilty to aggravated escape for leaving the residential center in 2018 CR 356. On December 10, 2018, Peterson also pled guilty to possession of methamphetamine in case 2018 CR 728.

On January 11, 2019, the district court revoked Peterson's probation in his three original cases after he admitted that he went "AWOL" from a residential center, which constituted a new crime. The journal entry of revocation for 2017 CR 479 reflected 461 days of jail time credit that the district court did not award because "defendant was also held on 16CR1390. As this case is consecutive to 16CR1390, defendant is not eligible for duplicate credit for these dates in 17CR479." The journal entry for 2016 CR 1390 stated

that Peterson received "credit for time served." Peterson appealed the district court's decision to revoke his probation in all three cases and this court docketed his appeals.

On June 10, 2019, after his appeals were docketed, Peterson filed a pro se motion for jail time credit and to correct the journal entry in 2016 CR 1390 and 2017 CR 479. The district court denied Peterson's motion, finding that the court "lacks jurisdiction as this case is currently on appeal." The district court also found that "even if this court had jurisdiction the matter is denied for a lack of merit. 16CR1390 and 17CR479 were run consecutive, thus [Peterson] is not entitled to duplicate credit." Peterson did not appeal the district court's decision on the motion for jail time credit.

On September 19, 2019, Peterson filed a pro se motion to correct illegal sentence, again arguing that he has a right to jail time credit in 2016 CR 1390 and 2017 CR 479. The district court denied Peterson's motion, finding again that the court "lacks jurisdiction in that these matters are on appeal." Alternatively, the district court found that "the motion lacks merit." Peterson timely appealed the denial of his motion to correct illegal sentence. This court consolidated 2016 CR 1390 and 2017 CR 479 for appeal.

After he filed his notices of appeal, this court affirmed the district court's revocation of Peterson's probation in all three cases. *State v. Peterson*, No. 121,239, 2020 WL 961946 (Kan. App. 2020) (unpublished opinion) (affirming revocation in 2016 CR 1390); *State v. Peterson*, No. 120,749, 2019 WL 6646399 (Kan. App. 2019) (unpublished opinion) (affirming revocation in cases 2017 CR 479 and 2017 CR 1864).

ANALYSIS

Peterson claims the district court erred in summarily denying his motion to correct illegal sentence. The district court denied Peterson's motion, finding it lacked jurisdiction because the cases were on appeal and finding that the motion failed on the merits.

3

This court applies a de novo standard of review when the district court summarily denied a motion to correct illegal sentence. Under this review, "[t]his court has the same access to the motion, records, and files as the district court and must determine if such documents conclusively show that the appellant is entitled to no relief." *State v. Bailey*, 306 Kan. 393, 398, 394 P.3d 831 (2017).

*Did the district court lack jurisdiction to address Peterson's motion?*

Peterson claims the district court erred in finding it did not have jurisdiction to address his motion because K.S.A. 2020 Supp. 22-3504(a) allows the district court to correct an illegal sentence "at any time" and also because K.S.A. 2020 Supp. 22-3504(b) provides that clerical mistakes in judgments can be corrected by the court at any time. The State counters that the district court correctly found that it lacked jurisdiction to consider Peterson's motion because a district court loses jurisdiction when an appellate case is docketed. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Generally, the trial court lacks jurisdiction to modify a sentence after the district court pronounces the sentence from the bench except to correct clerical errors. *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014). And a district court generally lacks jurisdiction to consider posttrial motions in a criminal case once an appeal is docketed. *State v. Dedman*, 230 Kan. 793, Syl. ¶ 2, 640 P.2d 1266 (1982).

But under K.S.A. 22-3504, a court can correct an illegal sentence or a clerical mistake in judgement "at any time." K.S.A. 2020 Supp. 22-3504(a), (b). Thus, although Peterson's appeal of his probation revocations was docketed, the district court incorrectly found that it lacked jurisdiction to address Peterson's motion to correct illegal sentence. See, e.g., *State v. Terrell*, No. 117,741, 2018 WL 3795391, at *2 (Kan. App. 2018) (unpublished opinion) (finding district court had jurisdiction to address motion to correct

4

illegal sentence even though an appeal from the district court's denial of a prior motion to correct illegal sentence was docketed); *State v. Ponds*, No. 114,761, 2016 WL 6822176, at *1 (Kan. App. 2016) (unpublished opinion) (finding district court had jurisdiction to address motion to correct illegal sentence even though motion filed while defendant's direct appeal was pending). That said, this error does not necessarily mean remand is necessary. The district court ruled in the alternative that Peterson's motion failed on the merits, so we can review that ruling to find if Peterson may receive any relief.

*Did Peterson establish that he is entitled to relief?*

Peterson argues that he met his burden to allege a factual basis to support his claim that he should be credited for an additional 461 days by applying those days to his 12-month sentence in 2016 CR 1390 with the remainder credited in 2017 CR 479. The State argues that Peterson has twice waived or abandoned his jail credit claim. The State also argues that Peterson has failed to designate a record affirmatively establishing error.

The State first asserts that Peterson waived this issue by failing to raise it in his direct appeals of the probation revocation, which were pending when he filed his motion. But this argument is easily rejected. The Kansas Supreme Court recently stated that failure to raise jail credit on a direct appeal does not foreclose the district court or the appellate court from addressing the issue under K.S.A. 22-3504. *State v. Smith*, 309 Kan. 977, 985, 441 P.3d 1041 (2019). Thus, Peterson's failure to raise the jail credit issue in his appeals of the probation revocation does not mean that he is precluded from raising it.

The State's second waiver argument is more persuasive. The State argues that because the district court denied Peterson's June 2019 motion asking for the same jail credit sought in his motion to correct illegal sentence and Peterson did not appeal that denial, his September 2019 motion is barred by res judicata. As the State correctly points out, the district court denied Peterson's June 2019 motion for lack of jurisdiction and on

5

the merits, stating, "16CR1390 and 17CR479 were run consecutive, thus [Peterson] is not entitled to duplicate credit." Peterson did not appeal that ruling. In September 2019, Peterson then filed this motion to correct illegal sentence, arguing again that he should have received jail time credit in 2016 CR 1390 and 2017 CR 479.

The doctrine of res judicata "applies when issues were previously raised and decided on the merits, or could have been presented but were not." *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012). Res judicata requires (1) the same claim; (2) the same parties; (3) the claims were or could have been raised; and (4) a final judgment on the merits. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). The Kansas Supreme Court once held that res judicata does not bar consideration of a motion to correct illegal sentence because of the "at any time" language in K.S.A. 22-3504. *State v. Dickey*, 305 Kan. 217, 222, 380 P.3d 230 (2016). But in a more recent case, our Supreme Court backed off that position and reaffirmed its longstanding rule that a motion to correct illegal sentence "'may not be used to breathe new life into an appellate issue previously adversely determined.'" *Smith*, 309 Kan. at 985 (quoting *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 [2008]).

Peterson's claim is barred by res judicata. His September 2019 motion to correct an illegal sentence involves the same parties and the same claim—that he is entitled to the 461 days credit not awarded in 2017 CR 479—raised in his June 2019 motion. And the district court's denial of his June 2019 motion included a ruling on the merits, finding Peterson had no right to jail credit in 2017 CR 479 because that case was consecutive to 2016 CR 1390 and he had no right to duplicate credit. This ruling on the merits became final when Peterson failed to appeal the district court's ruling. See, e.g., *State v. Tran*, No. 121,678, 2020 WL 5268226, at *4 (Kan. App. 2020) (unpublished opinion) (finding res judicata barred fourth motion when district court denied third motion on same claim and defendant did not appeal the denial), *petition for rev. filed* October 5, 2020. Thus, we

6

agree with the State and find Peterson's claim is barred by res judicata because he failed to appeal the district court's denial of his first motion raising this issue.

The State also argues that Peterson has failed to designate a record affirmatively establishing error. More specifically, the State argues that Peterson was being held on multiple cases during the same time that he is claiming credit for 461 days and there is no indication that he did not receive the credit in the other cases. Peterson argues he

> "met his burden to allege a factual basis supporting an allegation of a clerical error, pointing the district court to the 461 specific dates that he was in custody that he believes should be credited to Case No. 16-CR-1390 to satisfy that 12-month sentence, leaving some 100 days that should be credited to Case No. 17-CR-479."

Under K.S.A. 2020 Supp. 21-6615, Peterson has a right to credit for the time spent in custody while awaiting the disposition of his case. But our Supreme Court has made clear that "'[a] defendant is not entitled to credit on a sentence for time which he has spent in jail upon other, distinct, and wholly unrelated charges.'" *Smith*, 309 Kan. at 981.

Peterson's argument focuses on the 461 days of incarceration listed in the journal entry of revocation in 2017 CR 479, which the district court did not award as credit in that case. The 461 days were computed as follows: 33 days from June 9, 2017, to July 11, 2017; 34 days from July 21, 2017, to August 23, 2017; 53 days from September 23, 2017, to November 15, 2017; 2 days from November 15, 2017, to November 16, 2017; and 339 days February 6, 2018, to January 11, 2019. The journal entry stated: "For dates above not awarded, defendant was also held on 16CR1390. As this case is consecutive to 16CR1390, defendant is not eligible for duplicate credit for these dates in 17CR479." The journal entry for 2016 CR 1390 stated that Peterson received "credit for time served."

7

Peterson correctly points out that his total sentence in 2016 CR 1390 was 12 months in jail. Thus, even if the 461 days of jail credit not awarded in 2017 CR 479 were applied to 2016 CR 1390, there would still be almost 100 days of incarceration for which Peterson should receive credit. But even if we accept the fact that not all the 461 days of incarceration listed in the journal entry in 2017 CR 479 could be applied in 2016 CR 1390, the record still fails to establish that Peterson must receive additional jail credit.

For at least some of the 461 days Peterson claims he should receive credit, he was being held on other cases. For instance, at sentencing on August 23, 2017, the district court noted that Peterson was being held on a municipal court matter and the court ran the sentences consecutive to two municipal court cases. Thus, it appears that he was held on more than one case during the date range of July 21, 2017, to August 23, 2017. He was also arrested for possession of a controlled substance on September 23, 2017. Thus, it is plausible that he was being held on more than one case during the date range of September 23, 2017, to November 15, 2017. More importantly, the record also shows that before his probation was revoked on January 11, 2019, Peterson pled guilty in two other criminal cases, 2018 CR 728 and 2018 CR 356. So for at least some of the 339 days between February 6, 2018, and January 11, 2019, Peterson had two other felony cases pending against him in district court. Thus, the record shows that Peterson was being held on multiple cases during the same time that he is claiming credit for 461 days and there is no indication that he did not receive the credit in the other cases.

Peterson carries the burden of designating a record that affirmatively shows he is entitled to relief or else his claim fails. *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017). When the appellant fails to designate a record showing he or she is entitled to relief, the appellate court can presume the actions of the district court were proper. 307 Kan. at 43.

Here, the record neither establishes that Peterson was entitled to the 461-day credit in the two cases on appeal nor that the journal entry contained a clerical error when it reflected that Peterson was not entitled to the credit in 2017 CR 479. Thus, Peterson's claim for additional jail credit fails. See, e.g., *Smith*, 309 Kan. at 988 (finding jail credit claim failed when record established defendant was in custody on at least one other case and he presented no evidentiary support for his claim that his failure to receive credit in the case at issue was because of a clerical error); see also *State v. Rubio*, No. 118,528, 2018 WL 6071469, at *3 (Kan. App. 2018) (unpublished opinion) (finding jail credit claim failed when record suggested defendant was likely being held on other cases during some of the time claimed). Thus, the district court did not err in denying his motion.

In sum, we find the district court erred in ruling that it lacked jurisdiction to address Peterson's motion to correct illegal sentence. But the district court also found that Peterson's "motion lacks merit." On the merits, as argued by the State, Peterson has no right to any relief in this appeal because (1) his claim for jail credit is barred by the doctrine of res judicata and (2) he has failed to designate a record affirmatively showing error. If a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Affirmed.